ELIZABETH S. CLARKE AND OTHERS *vs.* SETH H. TERRY, EXECUTOR, AND OTHERS.

A testator gave personal estate to his daughter *E*, at her decease to go to her issue, and in default of them to the testator's other children. *E* was a married woman, living out of the state, and without children. Held—1. That the failure of issue

meant a failure at the time of her death. 2. That *E* took only a life estate and the other children of the testator a contingent remainder. 3. That it was the duty of the executors to require of her, before delivering the property to her, a bond with surety for the re-delivery of the property to the executors in the event of her dying without issue. 4. That on her failing to give the bond it was the duty of the executors to retain the property, invest it prudently, and pay over the income to her during her life.

AMICABLE submission to the superior court in Hartford county on an agreed statement of facts; reserved for the advice of this court. The facts are sufficiently stated in the opinion.

*Chamberlin,* for the plaintiffs.

*Hungerford,* with whom was *R. E. Day,* for the defendants.

CARPENTER, J. That part of the will of the late Seth Terry, deceased, under which the questions in this case arise, is as follows:—" The remainder and residue of all my estate, real and personal, I devise and bequeath to my five children, Arthur Terry, Seth H. Terry, James Terry, Ann T. Gardner, and Elizabeth T. Clarke, wife of Rev. Walter Clarke, D. D., and their heirs, in equal shares or portions. In case either of my said daughters should, at the time of my decease, have a husband, her portion shall not go to or vest in the husband, but it shall be for her sole and separate use, and at her decease the same shall go to her children or issue, and in default of them it shall go to and vest in my other children or heirs, as the rest of my estate." The plaintiff, Mrs. Clarke, is forty-two years old, has been married fifteen years, and never had any children. The testator left only personal property.

This court has repeatedly held that the expression "dying without issue," and like expressions, have reference to the time of the death of the party, and not to an indefinite failure of issue. *Holmes* v. *Williams,* 1 Root, 332; *Morgan* v. *Morgan,* 5 Day, 517; *Hudson* v. *Wadsworth,* 8 Conn., 348;

*Langworthy* v. *Chadwick,* 13 id., 42 ; *Bullock* v. *Seymour,* 33 id., 289.

The consequence is that a limitation over, upon the happening of such a contingency, is good as an executory devise. The language of this will, "and at her decease the same shall go to her children or issue, and in default of them it shall go to and vest in my other children or heirs, &c.," must have the same construction.

Mrs. Clarke, therefore, has only a life estate in the property set to her under this clause of the will, and the other heirs of the testator have a contingent interest in the same, to vest, if ever, at her decease. The facts in the case render it probable, at least, that this interest will eventually become vested. As Mrs. Clarke is now residing out of this state, and will, in all probability, if the property is delivered to her, remove the same from the state, the contingent legatees are entitled to security that the property shall be forthcoming at her decease. This point was fully discussed in the cases of *Hudson* v. *Wadsworth* and *Langworthy* v. *Chadwick,* cited above, and we deem it unnecessary to discuss it further here.

In response to the specific questions presented by the record, the superior court is advised,

1. That it is the duty of the executors to pay over and deliver the property to Mrs. Clarke, provided she gives adequate security that the same shall be forthcoming at her decease, to be disposed of according to the provisions of said will.

2. The security should be in the form of a penal bond, in a sum equal to the value of the property at least, payable to the executors, conditioned for a re-delivery of the property to the executors in the event of her dying without issue.

3. Ordinarily, in cases of this character, the court of probate should judge of the sufficiency of the bond ; but as this case is in the superior court, bond should be given to the acceptance of that court.

4. In case she fails to give such security, it is the duty of the executors to retain the property in their possession, invest it prudently, and pay over the income thereof from time to time, as received, to Mrs. Clarke.

5. The same construction should apply to Mrs. Clarke's interest in the portion set to the widow; and whenever she takes possession of the same like security should be given.

In this opinion the other judges concurred.