53  169
60  542
53  169
77  410

THE SECURITY COMPANY vs. CHARLES M. HARDENBURGH
AND OTHERS.

A testatrix gave one half the residue of her estate to M, the wife of C, with a provision that if her husband should be indebted to the testatrix at the time of her death, her executor should transfer the indebtedness to M as a part of her share of the residue; and that if M should die before him the property given her should go to such of her children as should .be alive at the time of the decease of the executrix, the share of any deceased child to go to its children, if any.   Held—

1. That the gift to the children did not depend upon the contingency of M's dying before the testatrix.
2. That M took a life estate during the life of her husband, with a vested remainder in her children liable to be defeated by her surviving her husband.
3. That the interests of the children should be protected by requiring security of M that the property should be forthcoming at her death, if she should not survive her husband.
4. That the notes of her husband for his indebtedness to the testatrix stood upon the same ground with the other property, as affecting the amount of the bond to be given.
5. That it was the duty of the executor to collect the interest on the notes as it fell due, and to keep all the property going to M under the bequest prudently invested, and to pay over the income to M.

A court of chancery has authority to protect remainder interests in property, and this authority is not affected by the statute (Gen. Statutes, p. 371, sec. 18,) which gives courts of probate power to require security in such cases.

[Argued June 3d—decided August 21st, 1885.]

SUIT for the construction of a will; brought to the Superior Court.   The plaintiff is a trust corporation and executor of the will.   Facts found and case reserved for advice. The case is fully stated in the opinion.

A. P. Hyde, for the plaintiffs and for the children of Mary L. Hardenburgh.

L. B. Morris, for Charles M. and Mary L. Hardenburgh.

CARPENTER, J.   The questions in this case depend upon the construction of the following paragraph in the will of Mary Collis Lee : "I give, devise and bequeath unto Mary

Lee Hardenburgh, wife of Charles M. Hardenburgh, of the city of Minneapolis, state of Minnesota, the one half part of the residue of my estate, be the same real, personal or mixed; and if Charles M. Hardenburgh, her husband, is indebted to me in any sum whatever at the time of my decease, I hereby direct that my executor hereinafter named shall transfer the whole of any such indebtedness to Mary Lee Hardenburgh, to be by her received on account of the one half part of the residue of my estate hereinbefore devised to her. And should Mary Lee Hardenburgh die before her husband, the said Charles M. Hardenburgh, then I give, devise and bequeath the aforesaid one half of the residue herein devised to said Mary Lee Hardenburgh, upon her death to such of her children as shall be alive at the time of my decease, share and share alike; and if any child or children of Mary Lee Hardenburgh shall have died at the time of my decease, leaving lawful issue, then I give, devise and bequeath to such lawful issue the share or shares which such deceased child or children would have taken if living at the time of my death."

The property is personal estate. Mr. and Mrs. Hardenburgh are residing in the state of Minnesota and have several minor children. Mrs. Hardenburgh is a person of insufficient pecuniary means to answer to the executor or to the persons in remainder for the one half of the residue bequeathed to her in case she should die before her husband.

The first question is—what estate does Mrs. Hardenburgh take? The counsel for the defendants claim that it is an absolute fee. That involves the necessity of claiming that the provision for her children, in the event of her dying before her husband does, is void. It is hardly necessary to say that a construction requiring us to hold that any portion of the will is inoperative is to be avoided, and that such a construction should be adopted as will give effect to all parts of the will so far as they are consistent with the rules of law. The contingent provision for the children is a reasonable and proper one, so far as we can see, and we are not aware that it contravenes any legal principle. We cannot

therefore hold that it is void, but must hold that Mrs. Hardenburgh did not take an absolute estate. We think that it was clearly the intention of the testatrix to give her an estate which should be absolute ultimately in case she should survive her husband; and in case her husband survives her, the intention seems to be equally clear that she should have but a life estate, and that, at her death, the property should go to her children. In that event the children would take, not as her heirs, but as purchasers under the will.

It is suggested that the ruling intention of the testatrix was to give the property to the sole and separate use of Mrs. Hardenburgh, so that her husband could not control it, and in such a manner that he could not in any event have any interest in it. That may have been the motive which induced her in a certain contingency to give the property to the children; but that motive cannot affect the construction of the plain language of the will. It is still true that she gave the children an interest in the property. Her intention to do so is of more importance than the motive which prompted it. As both the intention and motive are legal, it is the duty of the court to give effect to the intention.

The respective interests of Mrs. Hardenburgh and her children must be considered relatively, as they together constitute but one estate. If Mrs. Hardenburgh takes a defeasible fee, then the children take a contingent remainder, depending upon an event which may never happen. If she takes a life estate, the fee being contingent, then the children take a vested remainder, defeasible upon the happening of the contingency.

Whichever view is taken, the children have or may have an interest which should be protected. The power of a court of equity to protect it is not of statutory origin. In 1865 (Session Laws of that year, p. 74) an act was passed authorizing the court of probate, in all cases, upon the request of the life-tenant, to order the executor to deliver the property to him upon his giving bonds that it should be forthcoming for the remainder-man at the termination of the life estate. Gen. Statutes, p. 371. The authority thus

conferred upon the court of probate is independent of, and in no way interferes with, the general chancery powers of a court of equity. Such powers were exercised in cases where there was danger that the remainder might be lost prior to the passage of the act. *Hudson* v. *Wadsworth*, 8 Conn., 348; *Langworthy and wife* v. *Chadwick*, 13 Conn., 42. And it has been exercised since the passage of the act. *Clarke* v. *Terry*, 34 Conn., 176.

Nor is the remainder without the pale of equitable protection by means of its contingent character. In *Hudson* v. *Wadsworth* real estate held in fee-tail was sold by order of the legislature. When the tenant in tail became of age he claimed the possession and control of the funds. His claim was denied, unless he should give bonds that the funds should be forthcoming in case he should die without issue. In *Clarke* v. *Terry* the interest protected was a contingent one. But if any question can possibly arise in this regard it may be effectually put to rest by regarding Mrs. Hardenburgh's interest as a life estate, with a vested remainder in the children, defeasible by the death of her husband before her own. Indeed that seems to us the better view, because at present she has but a life estate, and by the express terms of the will she cannot have a fee unless she survives her husband. Until then her rights in and power over the property are simply those of a life-tenant. This construction gives effect to all the provisions of the will and effectually protects all interests created by it.

The counsel for Mrs. Hardenburgh, in support of the claim that she takes a fee, cite *Landon* v. *Moore*, 45 Conn., 422. But that case is distinguishable from this. In that two things were reasonably certain—1st, that the testator intended to give his daughter a fee simple; 2, that he intended to exclude her husband from any marital rights in the property devised. The language of the will clearly expressed both intentions. The doubt arose from the fact that the testator, out of abundant caution, in order to make clear his intention, added, "at her death to go immediately to her children, if she have children at that time." This lan-

guage was satisfied and effect given to the whole will by holding that the devisee took a fee to her sole and separate use, and that the language quoted did not reduce it to a life estate.   In this case the intent to make a contingent provision for the children cannot be ignored.   It is express, and in case the event happens it is as clear as the intent in favor of the mother.

It is further contended that the gift to the children depends upon the further contingency that Mrs. Hardenburgh should die during the life-time of the testatrix.   The argument in support of this claim is drawn from the fact that the gift over is not to the children generally, but is limited to those living at the decease of the testatrix and the issue of those who had then deceased.   We do not think that the implication from this circumstance is sufficient to justify us in construing the will as containing such a condition.   The will itself makes the gift to depend, in express terms, upon the death of Mrs. Hardenburgh while her husband is yet living, without further qualification as to time.   We may or may not be able to discover a motive for excluding after-born children, but we think it reasonably certain that if she had intended that the gift over should take effect only in case Mrs. Hardenburgh should die during her life-time, she would have said so in less ambiguous terms.   It is at least an obscure and awkward way of expressing such an intention.   On the other hand, this fact is important in another view; it shows satisfactorily, if not conclusively, that the testatrix intended that the children should take as legatees, and not as heirs of their mother.

A large portion of the property distributed to Mrs. Hardenburgh consists of indebtedness due from her husband to the estate.   In respect to such indebtedness one clause of the paragraph we have quoted directs the executor to transfer it to Mrs. Hardenburgh, to be received by her on account of the one half part devised to her.   The defendants contend that no bond should be required based on that portion of the estate represented by this indebtedness.   This claim assumes that such was the intention of the testatrix.   The

principal, if not the sole evidence of such an intention, consists of the fact that the executor was directed to transfer such indebtedness. We hardly think that is sufficient. The fair meaning of the will is, that she should receive the notes, which were evidence of such indebtedness, towards her portion of the estate; and the direction that the executor transfer the same is fully complied with by his indorsing the notes when they are legally delivered to her. That seems to have been the practical construction put upon it by the judge of probate, for the notes were in fact included in the distribution. No other reason is shown why these notes should not stand upon the same footing as the other property.

The complainant asks the court to instruct the executor whether it is its duty to collect the interest as it becomes due on Mr. Hardenburgh's notes. This matter is involved and practically disposed of in the point just considered. We are unable to see why it is not the duty of the executor to collect and pay over the interest on these notes as well as on other securities.

The Superior Court is advised that Mrs. Hardenburgh during the life of her husband takes a life estate only, with a fee contingent upon her surviving him; that she is not entitled to the property or any portion of it except upon giving satisfactory bonds to an amount equal to the value of the property that it shall be forthcoming at her death if she does not survive her husband; and that in the meantime it is the duty of the executor to keep all the property going to her under the bequest prudently invested, and to collect the income as it falls due and pay it over to her.

In this opinion the other judges concurred.