### JAMES PENDLETON, ADMINISTRATOR, vs. HENRY M. KINNEY ET AL.

Second Judicial District, Norwich, October Term, 1894. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

A testator gave his nephews H and L the use, income and profits of all his property, real and personal, " during their lives, to be divided equally between them, and after the death of either of them, the entire use, income and profit to the survivor during his life subject to the conditions hereinafter stated." These conditions were that H and L should devote the income from said property to building a farm house, to the payment of certain specified legacies, should erect certain family monuments, and improve the farm in a good and husbandlike manner; failing in which their life estate in the farm should be forfeited, and all the use and income of the farm during the balance of the term of said life estate was thereupon devised to the dependent and neglected children, inmates of the New London County Temporary Home at the time of said forfeiture. H refused to accept the life estate given him by the will, or to fulfill any of the conditions annexed to it. L accepted it, but gave no probate bond, nor demanded or received any property of the estate from the administrator. Held in a suit to determine the construction and validity of the will :—

1. That the devise to the nephews was one in joint tenancy, which became a life estate in L alone, by the refusal of H to accept the gift.
2. That H's declination did not, however, abridge the period for which the life estate was to continue.
3. That until delivery over of the property by the administrator c. t. a. to the life tenants or trustees, they were not called upon to perform any

of the "conditions," or make any of the payments specified in the will; and therefore there had been no forfeiture of the life estate in the farm upon the part of *L.*

4. That the legacies to be paid by the tenants of the life estate were a charge upon the life estate created by the will during the joint lives of *H* and *L;* and upon the termination of the life estate would be payable, so far as then unpaid, out of the principal of the estate, and constitute a charge upon it, both real and personal.

5. That the bequest to the children, inmates of the Temporary Home, on forfeiture of the life estate in the farm for neglect to improve it in a husbandlike manner, was a valid bequest, and not within the statute against perpetuities.

6. That *L,* on executing a proper probate bond, would be entitled to the possession of the entire estate.

7. That on his failure to give such bond, a trustee should be appointed to hold and manage the estate agreeably to the conditions and trusts imposed by the will upon the tenants of the life estate.

[Argued October 18th—decided December 1st, 1894.]

SUIT to determine the validity and construction of the will of Joseph Kinney, late of Stonington, deceased; brought to the Superior Court in New London County and reserved by the court, *F. B. Hall, J.,* upon the facts found and reported by Hon. Elisha Carpenter, State Referee, for the advice of this court.

The material portions of the will were as follows:—

"I give, devise and bequeath to my Nephews, Henry M. Kinney, of Columbus, Ohio, and Luther Kinney, of Norwich, Connecticut, the use, income and profits of all my property, both real and personal during their lives, to be divided equally between them, and after the death of either of them, the entire use, income and profit to the survivor during his life subject to the conditions hereinafter stated.

"The above bequest is upon condition that the said Henry M. Kinney and Luther Kinney, shall build out of the income and profits of said property, a good farm house, not to exceed fifteen hundred dollars in cost, on my farm in the Towns of Norwich and Franklin, known as the Griswold Farm, which is part of the property, in which the life estate is above given. After the building of said Farm House the said Henry M. Kinney and Luther Kinney are to devote the income from all of said property, of which they have the life

use, to the payment of the following legacies, which are to be paid in yearly payments pro rata until paid in full.

"To Jane Kinney, Wife of Dwight Loomis, of Middletown, Conn., the sum of Four Hundred Dollars, to be hers forever.

"To Sarah M. Kinney, Wife of          Crocker, the sum of Four Hundred Dollars, to be hers forever.

"To Nancy Kinney, of Bozrah, the sum of Four Hundred Dollars, to be hers forever.

"To John Caulkins and Willie Caulkins, children of Erastus Caulkins and Mary Josephine Kinney, each the sum of One Hundred Dollars.

"To my Brother Martin Kinney, to be his forever, the sum of One Hundred Dollars, to be paid to him each year during his life.

"To Mary Kinney, Daughter of my Brother Luther, One Hundred and Fifty Dollars, if she calls for the same within ten years after my decease.

"There shall be erected out of said income a suitable monument not to exceed one hundred and fifty dollars in cost to the memory of Woodbury Kinney and Sophia Kinney, Luther Kinney and Elisha Kinney, in the Rix Cemetery in the Town of Griswold.

"There shall also be erected out of said income a suitable monument not to exceed in cost Two Hundred Dollars to the memory of the Testator in the Evergreen Cemetery, near the Borough of Stonington.

"The provisions are to be carried out only in case I fail during my life to erect such monuments.

"The Griswold Farm during the continuance of said Life Estate, must be improved in a good and husbandlike manner. The fences must be kept up, and the brushes cut annually, and no waste allowed, and said life tenants shall cause to be put upon each acre ploughed annually upon said farm, at least twenty-five loads of manure.

"If said Life Tenants fail to comply with the above conditions, then their Life Estate in said farm shall be forfeit, and all the use and income of said farm during the balance

of the term of said Life Estate, I give, devise and bequeath to the dependent and neglected children, inmates of the New London County Temporary Home in Preston at the time of said forfeiture.

"I give, devise and bequeath all my property of whatever kind remaining after the termination of said Life Estate, and the fulfillment of the above charges upon the income of said property to Andrew Kinney, of Norwich, Conn., son of Luther Kinney to be his forever, upon condition however that within two years after the termination of said Life Estate, he pays to each of his Brothers and Sisters of the whole or half-blood children of his father, Luther Kinney, the sum of Three Hundred Dollars."

The testator died in 1890. Mary Kinney had previously gone to parts unknown. In February, 1892, the plaintiff, having settled his administration account, notified Henry M. and Luther Kinney, that he was prepared to deliver the residuary estate to them on their qualifying before the probate court. Henry M. Kinney thereupon refused to accept the life estate given him by the will, or to carry into effect any of the conditions annexed thereto. Luther Kinney stated that he would accept the life estate, if he could perform the obligations imposed by the will. He was living on the Griswold farm when the testator died, but subsequently removed from it. In March, 1893, he returned to occupy it, rent free, under an arrangement with the plaintiff, for the purpose of preserving it from deterioration. He has never qualified before the probate court, nor made any demand for the estate.

Nothing has been done or paid by any one in fulfillment of the "conditions" specified in the will. No monuments were erected by the testator in his lifetime. The average annual income that can fairly be obtained from the Griswold farm will not exceed $65.00; that from the rest of the estate will not exceed $260. The value of the whole estate, real and personal, in the hands of the plaintiff is about $7,000. Martin Kinney died before the testator.

*Walter C. Noyes*, for Jane Loomis, Sarah M. Crocker, Nancy Kinney, John Caulkins and William Caulkins.

*Jeremiah J. Desmond*, for Luther Kinney.

*William H. Shields*, for County Commissioners of New London County.

*Erastus S. Day*, for Andrew Kinney.

BALDWIN, J.  The testator gives to his nephews, Henry and Luther, the use of all his property, both real and personal, " during their lives, to be divided equally between them, and after the death of either of them, the entire use, income and profit to the survivor during his life subject to the conditions hereinafter stated."  His intention can be best effectuated by treating this as a class gift in joint tenancy.  It is an estate, not to each for his life, but to both " during their lives," and there is an express provision for survivorship upon the death of either.  The will refers to it six times by the description of " life estate," and never uses the term " life estates."  The conditions of the devise also impose joint obligations.  Each was not to perform half of these, but both were to perform the whole.  *Bolles* v. *Smith*, 39 Conn., 217, 220.  It follows that by the refusal of Henry M. Kinney to accept the life estate, it became, in effect, an estate in favor of Luther Kinney, alone.

The period for which it was limited to endure, however, was not abridged, by Henry's declinature.  The first object of the testator was to provide sufficient funds to build a good house upon the Griswold farm, to cost not over $1,500; to satisfy legacies amounting to $1,550, given to his heirs at law other than the two nephews, with an annuity of $100 to a brother, for life ; and to put up family monuments at an expense not exceeding $350.  To this purpose he devoted the entire net income of his estate during the lives of Henry M. and Luther Kinney.  As the annual income of the property is not likely to exceed $325, it was necessary to provide

for a term of some considerable length, during which it should be applied to the uses specified; and the limitation of this term for two lives, was not simply for the benefit of the life tenants. In substance, they were to take the estate in trust, until the charges imposed upon it were fulfilled. Perry on Trusts, Vol. I., §§ 95, 121. In favor of one of the legatees, Mary Kinney, this trust must be continued to a period which may outlast the lives of both nephews; for she is to have it only if she calls for it within ten years after the testator's decease.

The trust cannot come into active operation until the plaintiff has delivered over the estate to which it is to attach, to the trustees or life tenants. Until then, they are not called upon to perform any of the " conditions " or make any of the payments, specified in the will, for until then the fund upon which alone these obligations are charged does not come under their control. General Statutes § 577. There has, therefore, as yet, been no breach of condition, on the part of Luther Kinney. It is found that during his occupancy of the Griswold farm, since the testator's death, he has not improved it in a good and husbandlike manner, nor kept up the fences, cut down the brush, and applied manure, in the manner required by the will " during the continuance of said life estate." But he has been in possession only as the tenant of the plaintiff, and with no more powers or duties than would have attached to any stranger in the same position. There has therefore been no forfeiture of the life estate in that farm.

Under the circumstances of this case, we think Luther Kinney is entitled to a reasonable time, after entry of the final judgment in this cause in the Superior Court, within which to give a probate bond agreeably to General Statutes § 559. Should he fail to give such a bond, within such time, it will be the duty of the plaintiff to apply to the Court of Probate for the appointment of a trustee to receive from him the personal estate and the possession of the real estate, to hold during the continuance of the life estate created by the will. Should both Henry M. and Luther

Kinney die within ten years from the decease of the testator, and before payment of the legacy to Mary Kinney, the entire real and personal estate will remain affected by a trust in her favor, for the payment of such legacy if called for within said ten years. Should any of the other legacies or charges which are primarily payable out of the income of the life estate, remain unpaid at the decease of the survivor of the two nephews of the testator, they will also become a charge upon the entire real and personal estate. The remainder interest of Andrew Kinney can vest in possession only "after the termination of said life estate and the fulfillment of the above charges upon the income of said property." They are to come out of the income, if the life estate endures long enough to produce funds sufficient for their satisfaction; but should it terminate, by the death of both nephews, before they are thus satisfied, the entire estate will be subject to a trust for their discharge.

The directions as to the cultivation and maintenance of the Griswold farm, which immediately precede the words "if said life tenants fail to comply with the above conditions, then their life estate in said farm shall be forfeit," constitute the "conditions" to which these words refer. It cannot reasonably be supposed that they embrace all the "conditions" annexed to the life estate, since a breach of those would naturally entail a forfeiture of the entire estate, and not simply that of the farm. Should the life estate in the farm become forfeited under these provisions, the use and income of the farm, during the residue of the life estate, would belong to those dependent and neglected children who might be inmates of the New London County Temporary Home in Preston at the time of such forfeiture; and it would belong to them during said term, free of any trust for the payment of any legacies or charges. While such children may be persons not in being at the date of the testator's death, or not the immediate issue or descendants of persons then in being, yet their description is such as to make the devise one for charitable purposes, and therefore not within our statute of perpetuities, as the intermediate estate in the

life tenants is to persons in being at the testator's death, and for a term which cannot exceed the life of the survivor of them. *Storrs Agricultural School* v. *Whitney*, 54 Conn., 342, 347 ; *Woodruff* v. *Marsh*, 63 id., 125, 132.

These conclusions render it unnecessary to consider several of the questions suggested by the complaint.

The Superior Court is advised, (1) that there has been no forfeiture of any life estate created by the will; (2) that the life estate left to Henry M. Kinney has been terminated, so far as any interest in him is concerned, but that the term of his life continues to be a measure of the continuance of the life estate created by the will; (3) that the legacies to Jane Loomis, Sarah M. Crocker, Nancy Kinney, John Caulkins, William Caulkins and Mary Kinney, are and will be a charge upon the life estate created by the will (except in case of a forfeiture of the life estate in the Griswold farm), during the joint lives of Henry M. and Luther Kinney, and, as respects that to Mary Kinney, until the lapse of ten years from the testator's decease ; and that except so far as the several payments required of the life tenants out of the income received by them may have been made during the existence of said life estate, they will upon its termination be payable out of the principal of the estate, and a charge upon the same, both real and personal; (4) that, in case of a forfeiture of the life estate in the Griswold farm by reason of a failure to improve it in a good and husbandlike manner, to keep up the fences, to cut the brushes, or to put on manure, all the use and income of said farm, during the balance of the term of said life estate, will belong to such dependent and neglected children as may be inmates of the New London County Temporary Home in Preston, at the time of said forfeiture; (5) that if Luther Kinney gives a probate bond agreeably to General Statutes, § 559, within such reasonable time as may be appointed in the judgment rendered in the cause, he will be entitled to the possession of the entire estate now in the charge of the plaintiff; and (6) that, if such a bond be not so given, the plaintiff should apply to the Court of Probate for the District of Stonington,

for the appointment of a trustee to receive said estate, and to hold, manage and dispose of the same agreeably to the conditions and trusts imposed by the will upon the holders of the life estate created thereby.

In this opinion the other judges concurred.