JESSIE M. MACE *vs.* GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN OF MASSACHUSETTS.

Middlesex. October 23, 1919. — January 6, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Fraternal Beneficiary Corporation. Words,* "Intended wife," "Betrothed."

A designation, by one insured under a certificate of fraternal beneficiary insurance, of his "Intended Wife" as the beneficiary in case of his death is valid under R. L. c. 119, § 6, "Intended Wife" being comprehended under the general designation "betrothed."

CONTRACT upon a certificate of fraternal beneficiary insurance. Writ dated September 8, 1916.

In the Superior Court, upon motion of the defendant corporation, next of kin of the deceased were summoned as defendants. They demurred to the declaration on the ground that it did not appear from the declaration that the plaintiff was a legal beneficiary under the policy. The demurrer was heard by *Lawton*, J., and was overruled.. The next of kin appealed.

Thereafter an issue was tried by a jury and answered favorably to the plaintiff.

*E. W. Crawford*, for the next of kin.

*C. P. Tucker*, for the plaintiff.

RUGG, C. J. This is an action of contract by the plaintiff, claiming to be the beneficiary under a certificate issued by the defendant to James E. Felker, who has died. The defendant answered admitting its liability and paying into court the amount due on the certificate, but averring that claim had been made upon it by the heirs at law of the certificate holder. These appeared as claimants and the contest is between them and the plaintiff. The case comes before us on a demurrer to the plaintiff's declaration. All questions of fact appear to have been settled in her favor by a verdict. The ground of the demurrer is that the declaration does not show that the plaintiff is a legal beneficiary under the certificate.

The certificate provided that, in case of death of the certificate holder, upon compliance with other conditions, payment should be made "to Jessie M. Mace related to him [James E. Felker the certificate holder] as Intended Wife." Fraternal beneficiary corporations such as the defendant are governed by R. L. c. 119, in § 6 whereof it is provided that the "death benefit shall be payable only to the husband, wife, betrothed, child by legal adoption, parent by legal adoption, or relatives of, or persons dependent upon, the member named in the benefit certificate." The question to be decided is whether the designation of the plaintiff in the certificate as "Intended Wife" is a valid designation within the classification "betrothed" contained in the statute.

The word "betrothed" in the statute, according to the common and approved usage of the language, means one who has exchanged promises to marry with the holder of the benefit certificate. The

word imports mutuality of agreement. The particular word is not one of technical art. The statute does not signify that one word alone must be used. The substance of the thing required by the statute may be set forth in the certificate by any rational phrase. "Intended Wife" is comprehended within the general designation "betrothed." In ordinary speech it would not be natural to refer to one as an "intended wife" unless there had been an agreement for marriage made by two competent persons. The words when used in a benefit certificate of this sort import purpose both by the man and the woman that there shall be marriage. One can hardly be an "intended wife" unless there exists a reciprocal arrangement to that end in which both parties have participated. It is conceivable that in other connections the words "intended wife" may have a different signification, but in this context it would be a forced and unnatural construction to interpret them in any other way than as being the equivalent of "betrothed."

*Order overruling demurrer affirmed.*