THE CENTRAL HANOVER BANK AND TRUST COMPANY,
EXECUTOR (ESTATE OF HELEN OSBORN MASON)
*v.* NORMAN C. MASON ET ALS.

MALTBIE, C. J., AVERY, JENNINGS, ELLS and DICKENSON, JS.

Argued June 3—decided July 28, 1942.

*Harry R. Sherwood,* for the plaintiff.

· *John Avery,* for the named defendant.

*John H. Mountain,* for the other defendants.

MALTBIE, C. J.  The plaintiff, as executor of the
estate of Helen Osborn Mason, brought this action,

now reserved to this court, to secure an adjudication as to the construction of her will and advice as to its duties. Mrs. Mason's will contained this provision: "I give, bequeath and devise all my property, both real and personal, wheresoever situate, including that over which I may have the power of appointment, to my husband, Norman C. Mason, to be his absolutely as long as he remains unbetrothed. In the event of the betrothal of my said husband, I give to him only the income of my said estate for and during his life, with remainder over to my children as provided in Paragraph 2 of this my last Will and Testament." Mrs. Mason left both real and personal property, but the nature of the latter is not stated in the stipulation for reservation.

Norman C. Mason's principal contention is that the words in the gift to him "as long as he remains unbetrothed" are too vague and uncertain to be given any meaning, or, at least, to be effective to cut down the estate given him from an absolute fee, while his children contend that the word "unbetrothed" is to be given the meaning "unmarried." Betroth and its derivative betrothal are words not uncommonly used. According to several standard dictionaries which we have consulted, to betroth means, and only means, to engage in a promise of marriage. See *Mace* v. *Ancient Order of United Workmen,* 234 Mass. 299, 125 N. E. 569. Nothing in the will or circumstances indicates that the testatrix used the word "unbetrothed" with other than its accepted meaning. It is not for us to query why she made her husband's betrothal rather than his marriage a limitation upon his estate. We must give effect to the intention she has expressed in the will. *First National Bank & Trust Co.* v. *Baker,* 124 Conn. 577, 582, 1 Atl. (2d) 283; *Cochran* v. *McLaughlin,* 128 Conn. 638, 645, 24 Atl. (2d) 836. The

words are not so vague or uncertain that they cannot be given full effect.

With the possible exception of certain kinds of personal property within the provisions of § 4896 of the General Statutes, from the time of our earliest reports we have held that estates in the nature of executory devises may be created in personal property. *Griggs* v. *Dodge*, 2 Day 28, 51; *Hudson* v. *Wadsworth*, 8 Conn. 348, 362; *Clarke* v. *Terry*, 34 Conn. 176, 178; *Duncan* v. *Higgins*, 129 Conn. 136, 26 Atl. (2d) 849; and see 1 Simes, Future Interests, p. 373. The immediate gift to Norman C. Mason was, with reference both to real and personal property, an absolute gift subject to a conditional limitation. *Cumming* v. *Pendleton*, 112 Conn. 569, 578, 153 Atl. 175; *Bennett* v. *Packer*, 70 Conn. 357, 360, 39 Atl. 739. On the settlement of the estate, Norman C. Mason will be entitled to possession of the real property. Restatement, 1 Property, § 73. If the executor has retained custody of it under § 4956 of the General Statutes, it should, upon the acceptance of its final account, deliver that possession to him, and its duties with reference to the real estate will then be terminated.

With reference to the personal property, the rights of Norman C. Mason, as legatee of an absolute estate subject to a conditional limitation, are certainly not less than those he would have had if he had been given a life use of the property with a remainder over. See Restatement, 2 Property, § 194, comment a. Courts have differed with reference to the right of a life tenant of personal property to have possession of it, and the decisions in some cases have been made dependent upon the terms of the bequest or the nature of the property. 31 C. J. S. 152, § 134. In this state the right of a life tenant to its possession was inferentially recognized in our decisions previous to the

enactment of § 4895 of the General Statutes, which gives authority to a Probate Court to order the delivery of personal property to a life tenant upon his giving a bond. We held that, under the common law, such a bond should be required only where there was danger that the property would be wasted, secreted or removed. *Hudson* v. *Wadsworth,* supra, 363; *Langworthy* v. *Chadwick,* 13 Conn. 42, 46; *Clarke* v. *Terry,* supra, 178; *Terry* v. *Allen,* 60 Conn. 530, 541, 23 Atl. 150. Section 4895, in terms, applies only to life estates, and there is no warrant for us to extend it to include determinable fees. The principles governing the case before us with reference to the personal property are settled in *Horton* v. *Upham,* 72 Conn. 29, 43 Atl. 492. We there had before us a will the residuary paragraph of which gave to the testator's grandson certain real estate and all his personal property not otherwise disposed of, with a provision that, upon his death without issue, it should go to a certain ecclesiastical society. We held that the gift to the grandson was in the nature of an estate tail by implication as to both real and personal property; that, as the grandson was incompetent, the plaintiff administrator should deliver the property to his guardian; that the provisions of § 4895 as to a bond did not apply; but that, if there was danger of the property being wasted, secreted or removed, a court of equity might at any time order security to be given for it.

As applied to this case, the decision means that, when the estate is ready for settlement, the plaintiff should deliver all personal property remaining in its hands to Norman C. Mason, that there is no requirement that at that time he give any security at the order of the Probate Court for its preservation, and that the recourse of any interested party seeking

security would not be to the Probate Court but to a court having general equitable powers.

In the case of a life estate within the provisions of § 4895, it is no doubt the duty of an administrator or executor at least to call the matter of the possible requirement of a bond to the attention of the Probate Court before distributing personal property to a life tenant, and, if the circumstances seem to require it, to make application for an order requiring such security. See *Pendleton* v. *Kinney,* 65 Conn. 222, 227, 32 Atl. 331. But in the case of estates not within the statute the Probate Court would have no power to require security, and the proper way to obtain it would be for some interested party to bring an action to a court of equity having jurisdiction. See *Security Company* v. *Hardenburgh,* 53 Conn. 169, 171, 2 Atl. 391; 31 C. J. S. 176, § 144b. It is true that, should Norman C. Mason become betrothed, his larger estate would then be reduced to a life estate and be within the provisions of § 4895 as regards an order by the Probate Court that he give security. But the statute contains no requirement as to the party who may make application for such an order, and those who would, in that event, become remaindermen might properly apply for it. The possibility of the need of such action is insufficient ground to justify keeping open the administration of the estate. It follows that, upon the filing of its final account, the plaintiff should deliver the personal property to Norman C. Mason, and upon that being done and the acceptance of its final account it will have no further duties to perform as executor of the estate.

Several questions are propounded in the stipulation for reservation as to the rights and obligations of Norman C. Mason after the property has come into his possession. The matters in question are involved neither in a construction of the will before us nor in

the performance by the plaintiff of its duties as executor. They are not properly before us in this proceeding and call for no answer. *Carpenter* v. *Perkins*, 83 Conn. 11, 19, 74 Atl. 1062. The questions we have decided to answer are stated in the footnote.[1]

To questions 1, 5 and 6, we answer "No." To question 2, we answer "Yes." To question 9, we answer that the estate given to Norman C. Mason is an absolute estate subject to a conditional limitation. The other questions we do not answer.

No costs will be taxed in this court to either party.

In this opinion the other judges concurred.

---

[1] 1. Are the words of said will so indefinite and ambiguous that the executor shall distribute said estate according to the Statute of Distribution?

2. Can the executor with safety to itself and to the rights and interests of the other parties hereto distribute after the final accounting said estate to Norman C. Mason?

5. Must the provisions of Section 4895 relating to the furnishing of a bond or the appointment of a trustee be complied with before any distribution be made?

6. Must the Executor hereunder make demand on the said Norman C. Mason when he becomes "betrothed" for the assets of the estate if said assets have previously been turned over to him?

9. Is the estate given to Norman C. Mason under said Will, an absolute estate in fee simple?