WILLIAM WEIDLICH *v.* THE FIRST NATIONAL BANK & TRUST COMPANY OF BRIDGEPORT ET AL., EXECUTORS AND TRUSTEES (ESTATE OF LOUIS WEIDLICH), ET AL.

BROWN, C. J., INGLIS, O'SULLIVAN, DALY and SHEA, JS.

Argued March 4—decided April 21, 1953

*Clifton F. Weidlich,* with whom was *P. Corbin Kohn,* for the appellant (plaintiff).

*Henry J. Lyons,* with whom, on the brief, was *Frederick L. Comley,* for the appellees (defendant executors and trustees).

*John F. McGowan,* for the appellee (defendant Hetty S. Weidlich).

BROWN, C. J. This action originated as an appeal by the plaintiff, a remainderman under the will of Louis Weidlich, from a decree of the Probate Court for the district of Fairfield awarding a further

monthly allowance for the support of the widow. The Superior Court confirmed the order and dismissed the appeal, and the plaintiff has appealed to this court.

The essential facts contained in the finding, which is subject to no material correction, may be thus summarized: On July 21, 1950, the testator died leaving his widow surviving, but no descendants. The named defendant and another duly qualified as executors. The gross estate was $780,956.25. Between June, 1950, and October 26, 1951, the widow received a cash legacy, the homestead and lands, household furniture and other personal property, and income from a residuary trust, all pursuant to the will, and she also received distributions from the Weidlich Brothers Manufacturing Company to her as a stockholder, a director's fee, jointly owned property, insurance proceeds, and a widow's allowance, making a total of $285,071.41. On August 15, 1950, the Probate Court ordered an allowance of $1250 a month payable to the widow until further order of court, and thereunder $15,000 was paid to her by the executors for the period of one year from July 25, 1950. There was no appeal from the order. The plaintiff is financially interested in the estate as a remainderman under the will.

On August 14, 1951, the Probate Court on petition of the executors ordered payment of further sums of $1250 per month for the support of the widow for the period from July 26, 1951, until October 26, 1951, or until further order of court. When this order was entered the estate was still in the process of settlement, and the executors in asking the further allowance stated that the estate could not and would not be settled for at least three months, which proved to be the fact. The third paragraph of the will pro-

vides: "I direct my Executors on behalf of my wife,. Hetty S. Weidlich, to apply to the Probate Court for an allowance for her support and maintenance while my estate is in the process of settlement, and if, for any reason, the Court shall not make such allowance, I direct my Executors to pay to my wife for her support and maintenance, the sum of One Thousand Two Hundred and Fifty Dollars ($1,250.00) per month while my estate is in the process of settlement, however long that period may be, and to charge said sums against the principal of my estate." Neither the petition of the executors for the original allowance for the widow's support nor that for the additional allowance was denied. Both were granted. The executors paid the additional allowance in the amount of $3750 to the widow.

One only of the trial court's conclusions requires mention: "The [plaintiff] is not aggrieved by the order of the Probate Court from which he has appealed." In substance, the plaintiff's claims of law were: (1) In the absence of a showing of necessity, the Probate Court had no authority to order the further allowance. (2) The award of the further allowance was contrary to § 7033 of the General Statutes. (3) It constituted an abuse of the legal discretion of the Probate Court. (4) The plaintiff is aggrieved by the award in that it is payable out of the principal of the estate in which he has a present vested interest. (5) Since the third paragraph of the will, if construed as valid, ousts the Probate Court of jurisdiction over the widow's allowance, it would deprive the plaintiff of his property rights contrary to the due process and equal protection of the laws clauses of the fourteenth amendment to the United States constitution and to § 9 of article first of the constitution of Connecticut. (6) The third para-

graph of the will is wholly void because it is contrary to the public policy of Connecticut.

Section 7071 of the General Statutes provides that "[a]ny person aggrieved by any order . . . of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the superior court." The appeal of the plaintiff was taken pursuant to this statute, and one of his allegations is that he "is aggrieved" by the Probate Court's decree. It is essential to a valid appeal under the statute that the appellant is aggrieved by the order appealed from. *Palmer* v. *Reeves,* 120 Conn. 405, 409, 182 A. 138; *Orcutt's Appeal,* 61 Conn. 378, 382, 24 A. 276. If the appellant is not a party aggrieved, the appeal is void. *Fuller* v. *Marvin,* 107 Conn. 354, 357, 140 A. 731. This presents two questions for determination. First, what does the statute mean by "aggrieved"? Second, is the plaintiff aggrieved within that meaning? The term "aggrieved," as used in the statute, applies only to those who can show a direct pecuniary interest in the matter in controversy. *Beard's Appeal,* 64 Conn. 526, 533, 30 A. 775. To entitle a party to appeal from a probate decree, "he must have some pecuniary interest which the decree or order appealed from will in some way injuriously affect." *Woodbury's Appeal,* 70 Conn. 455, 456, 39 A. 791; *Norton's Appeal,* 46 Conn. 527, 528; *Dickerson's Appeal,* 55 Conn. 223, 229, 10 A. 194; *Avery's Appeal,* 117 Conn. 201, 202, 167 A. 544; *Spencer's Appeal,* 122 Conn. 327, 331, 188 A. 881. As these authorities make clear, a person to be "aggrieved" within the meaning of the statute must have not only a pecuniary interest but a pecuniary interest which has been injuriously affected by the decree appealed from. Failing this, his appeal is void.

The remaining question is whether the plaintiff was "aggrieved" within this definition. The fact that he was a remainderman under the will would suggest that he had a pecuniary interest in the settlement of the estate and so in the decree incident thereto. If this is assumed to be true, and the finding indicates that it is, it does not necessarily follow that his pecuniary interest was injuriously affected by the decree appealed from. If it was not, he cannot prevail in the case at bar. The fundamental claim of the plaintiff is that, upon the undisputed facts established by the finding and for the reasons stated in his first four claims of law as detailed above, the widow was not and cannot be entitled to any allowance beyond that which was ordered and paid for the year ending July 25, 1951. If the plaintiff is correct in this contention, the Probate Court erred in ordering the further allowance of $3750 and would be unwarranted in granting any allowance for the support of the widow for any period subsequent to October 25, 1951. This leads to consideration of the effect of the third paragraph of the testator's will.

That paragraph not only provides but directs, in clear language, free from any possible ambiguity, that the executors shall apply to the Probate Court for an allowance for the widow's support while the estate is in the process of settlement, "and if, for any reason, the Court shall not make such allowance," they shall pay the widow "for her support and maintenance" $1250 "per month while [the] estate is in the process of settlement, however long that period may be, and . . . charge said sums against the principal of [the] estate." In the absence of compelling reason to the contrary, effect must be given to the testator's intention as thus expressed and directed in the will. *Central Hanover Bank & Trust*

*Co.* v. *Mason,* 129 Conn. 350, 351, 27 A.2d 797. The testator specified that application to the court for an allowance should first be made. Whether or not this was inserted upon the assumption that a court order so obtained might result in some tax benefit to his estate is of no consequence. The vital consideration is his clearly expressed, positive intent to provide liberally for his widow. The language quoted guaranteed such provision for her while the estate was in the process of settlement. Other parts of the will made like provision for her thereafter. The purport of the clause in question is a direction that, during the settlement of the estate, the widow should be paid the stipulated amount monthly out of the principal of the estate and that this was to be accomplished either by the granting to her of a widow's allowance or, failing that, by way of a bequest.

The argument of the plaintiff in support of his last two claims of law, (1) that to sustain the gift to the widow under the third paragraph of the will would be unconstitutional as depriving him of his property rights contrary to the constitutional provisions as to due process and equal protection of the laws, and (2) that the third paragraph of the will is void because it is contrary to the public policy of Connecticut, is tenuous, unconvincing and without support in authority. It could only be sustained on the assumption that § 7033 of the General Statutes, authorizing the Probate Court to allow support to a widow during the settlement of her deceased husband's estate, is operative to prohibit a testator from making any direct provision by will for his widow's maintenance or support. The statute does not contain such a prohibition or language affording any basis for such an implication. To construe it as claimed by the plaintiff would be to adopt an inter-

pretation totally unwarranted and unsupported by authority and contrary to reason and common sense. See *Lawrence* v. *Security Co.,* 56 Conn. 423, 443, 15 A. 406. The clause of the will in question contains in reality a pecuniary bequest made on condition. It no more deprives any of the beneficiaries under the residuary clause of their property than any clause making a pecuniary bequest in any will does. The plaintiff's claim that the third paragraph of the will is invalid cannot be sustained. This means that the testator's direction, "if, for any reason, the Court shall not make such allowance," the executors shall make the payments of $1250 per month to the widow, is of full force and effect.

If the plaintiff were to prevail upon this appeal and we were to hold that no further allowance by the Probate Court is warranted, that court would not make such an allowance for it could not. Thereupon the direction in the third paragraph of the will would take effect, requiring the executors to pay the $3750 to the widow. By reason of this, it is manifest that the plaintiff's pecuniary interest was not injuriously affected by the further allowance made by the Probate Court. Whether the $3750 was paid to the widow under the Probate Court's order or, for lack of such an order, by the executors as directed by the will could not make a single dollar's difference in the amount the plaintiff would eventually receive as remainderman. He therefore could not be aggrieved. The court's conclusion that he was not aggrieved was correct. Under the authorities cited above, this is conclusive that he cannot prevail upon this appeal.

There is no error.

In this opinion the other judges concurred.