WILLIAM WEIDLICH *v.* THE FIRST NATIONAL BANK AND TRUST COMPANY OF BRIDGEPORT ET AL., EXECUTORS (ESTATE OF LOUIS WEIDLICH), ET AL.

INGLIS, C. J., O'SULLIVAN, WYNNE and DALY, JS.[1]

Argued January 5—decided February 9, 1954

[1] By agreement of counsel the case was argued before and decided by four judges.

*Clifton F. Weidlich,* for the appellant (plaintiff).

*Frederick L. Comley,* for the appellees (defendant executors).

*John F. McGowan,* for the appellee (defendant Hetty S. Weidlich).

INGLIS, C. J. Louis Weidlich died testate leaving a widow, Hetty S. Weidlich. His will was admitted to probate in the Probate Court for the district of Fairfield on July 25, 1950. On August 15 of that year the Probate Court entered, ex parte, an order for a widow's allowance of $1250 a month pending the settlement of the estate, and under that order the widow was paid a total amount of $15,000 within the period of one year. No appeal was taken from that order. The plaintiff, by the terms of the will, takes a share of the remainder of the estate after the termination of the widow's life interest therein. On November 28, 1952, he made an application to the Probate Court for the revocation of the order for a widow's allowance. The Probate Court, on January 2, 1953, entered its order denying the application, and from that order the plaintiff appealed. The Superior Court rendered judgment dismissing the appeal, and from that judgment this appeal has been taken.

Contained in Louis Weidlich's will is this paragraph: "Third: I direct my Executors on behalf of

my wife, Hetty S. Weidlich, to apply to the Probate
Court for an allowance for her support and main-
tenance while my estate is in the process of settle-
ment, and if, for any reason, the Court shall not
make such allowance, I direct my Executors to pay
to my wife for her support and maintenance, the
sum of One Thousand Two Hundred and Fifty
Dollars (1250.00) per month while my estate is in
the process of settlement, however long that period
may be, and to charge said sums against the princi-
pal of my estate." Because of this provision in the
will the trial court concluded that the plaintiff was
not aggrieved by the order of the Probate Court and
that, therefore, it was without jurisdiction to enter-
tain his appeal. The determinative question on this
appeal is whether that conclusion was erroneous.

The decision of the question is controlled by the
opinion of this court in *Weidlich* v. *First National
Bank & Trust Co.*, 139 Conn. 652, 96 A.2d 547. In
that case the present plaintiff undertook to appeal
from an order of the Probate Court, in this same
estate, making a widow's allowance for the period
of time next after that covered by the order which
the plaintiff now seeks to have revoked. In the
opinion, after reiterating (p. 656) our law to the
effect that under § 7071 of the General Statutes the
Superior Court is without jurisdiction to entertain
an appeal from a probate decree unless the appellant
is "aggrieved" by that decree, we pointed out
(p. 657) that, even though the widow's allowance
were set aside, the widow, by virtue of the clear lan-
guage of the third paragraph of the will, would be
entitled to receive the same amount from the estate.
Consequently, the plaintiff's remainder interest was
not adversely affected by the allowance. The same
reasoning applies in the present case. The plaintiff

was not aggrieved by the probate order from which he sought to appeal. The conclusion reached by the trial court was correct.

The plaintiff contends that the order appealed from deprived him of his property without due process of law because he has been deprived of his day in court with reference to the original granting of the widow's allowance. That contention overlooks the fact that the only question with which we are concerned in the case is whether or not he was aggrieved, and that turns upon the question whether he was deprived of his property by the order. On that question he was fully heard in the Superior Court. He has had full protection of the rights guaranteed to him by both the state and the federal constitutions.

There is no error

In this opinion the other judges concurred.