HARTFORD NATIONAL BANK AND TRUST COMPANY,
TRUSTEE (ESTATE OF LEONA S. A. BARLOW) v.
CANDACE P. TURNER ET AL.

SUPERIOR COURT        HARTFORD COUNTY        FILE No. 115940

Memorandum filed December 1, 1959

*Shipman & Goodwin,* of Hartford, for the plaintiff.

*Milton Nahum* and *Hoppin, Carey & Powell,* of Hartford, for the defendants.

TROLAND, J. The plaintiff is trustee of a certain trust created under the will of Leona S. A. Barlow, late of West Hartford. This is an action asking a decree construing said will and advising the plaintiff as to its rights, powers and duties thereunder.

The paragraph of the will with which we are concerned is the third paragraph, which disposes of the residue of Mrs. Barlow's estate and reads as follows: "THIRD: All the rest, residue and remainder of my estate I give, devise and bequeath as follows: one half thereof to my daughter KATHERINE A. TURNER CARPER to be hers, her heirs and assigns for-

ever; one half thereof to the Hartford National Bank and Trust Company of Hartford, in trust, however, for the following purposes: That it shall hold the same as trustee, invest and reinvest the same in such form of securities or otherwise as its good judgment may dictate without reference to the rule for legal investments of trust funds, that it shall pay over the income and so much of the principal thereof in such amounts and at such times as in its opinion may be advisable for the following purposes: To my husband, HOWARD C. BARLOW, or for his benefit, so much thereof as shall be reasonable to maintain him in comfort, health and happiness so long as he shall live; to the wife of my son, Frederick H. Turner, so much thereof as shall be reasonable for her health and care and support so long as her three children shall be in their minority; to my son, FREDERICK H. TURNER, so much thereof as may be necessary for his proper care, comfort and support during such times as he shall be incapacitated; to or for the benefit of the three children of my son, Frederick H. Turner, for their care, comfort, support and such higher education as my said trustees in their own judgment and in the best advice obtainable by them shall consider reasonable and for their best interests until the oldest thereof shall arrive at the age of twenty-five years, when this trust shall be divided into three separate trusts for the benefit of each of my said grandchildren, the corpus of one of said trusts to be paid over to my oldest grandchild on or immediately after he arrives at the age of twenty-five years, the second trust to be administered in accordance with the provisions of the original trust for the benefit of each of my said grandchildren until they shall each arrive at the age of twenty-five years, when the corpus of said trust shall be paid over to them. Should any of my said grandchildren die before arriving at the age of twenty-five, then the share of said trust that

would have been payable to him or her shall be and become a part of the trust in the hands of my said trustee and be apportioned among the trusts set up for such grandchildren as may be living."

On April 7, 1949, the plaintiff accepted the trust of one-half of said residue and duly qualified, and ever since has been, and now is, acting as such trustee.

Howard C. Barlow, the husband of the testatrix, died May 13, 1949. The trustee at no time made any payments, in its discretion, for his benefit. The testatrix left a son, Frederick H. Turner, who was married to the defendant Candace P. Turner, and at the time testatrix executed her will and at the date of her death, they had three minor children. After providing for her husband, it appears that testatrix was next concerned about the wife of her son, Frederick H. Turner, for the second direction to her trustee is in its discretion to pay from the trust funds "to the wife of my son, Frederick H. Turner, so much thereof as shall be reasonable for her health and care and support so long as her three children shall be in their minority." From the inception of the trust to, and including, October 10, 1957, payments of income and for principal from the trust were made to Candace P. Turner in the total amount of $7144.86, which amount was expended by the defendant Candace P. Turner for her own benefit or for the general benefit of her three children, the defendants Thomas S. Turner, C. Robin Turner and Abigail T. Meyer.

The defendant C. Robin Turner was born on October 11, 1932, and attained the age of twenty-five years on October 11, 1957. The defendant Abigail T. Meyer was born on October 21, 1935, and has attained the age of twenty-four years. The defendant Thomas S. Turner was born on August 19, 1942, and has attained the age of seventeen years.

Following the provision for the wife of her son, Frederick H. Turner, the testatrix provided, as noted above, that the trustee in its discretion make payments from the income or principal to her said son, Frederick H. Turner, of "so much thereof as may be necessary for his proper care, comfort and support during such times as he shall be incapacitated." Said defendant Frederick H. Turner is now fifty-four years of age and has not been incapacitated, and at no time has the trustee made any payments to him. The provision for Frederick H. Turner would seem to be for his benefit during his life and by implication to fix a duration of the trust for that period. However, the next provision in the will fixes a definite date for the termination of the trust as first established.

It is provided that payments be made "to or for the benefit of the three children of my son, Frederick H. Turner, for their care, comfort, support and such higher education as my said trustees in their own judgment and in the best advice obtainable by them shall consider reasonable and for their best interests *until the oldest thereof shall arrive at the age of twenty-five years,* when this trust shall be divided into three separate trusts for the benefit of each of my said grandchildren, the corpus of one of said trusts *to be paid over to my* oldest grandchild, *on or immediately after he arrives at the age of twenty-five years,* the second trust to be administered in accordance with the provisions of the original trust for the benefit of each of my said grandchildren until they shall each arrive at the age of twenty-five years, when the corpus of said trust shall be paid over to them" (italics supplied).

The above-quoted provision, being the last of the provisions made by the testatrix, is also firm and definite. It fixes a definite time for termination of the trust as first constituted, the establishment of

three separate trusts for the benefit of the grandchildren, and the payment of one of the trust funds immediately thereafter to the grandchild who has first reached the age of twenty-five years.

The testatrix has made no provision for equality in the treatment or provision for her beneficiaries. The trustee was clearly authorized to pay over the income and so much of the principal of the trust fund, in such amounts and at such times as in its opinion might be advisable, for the various purposes described. Provisions for maintenance of the husband of testatrix "in comfort, health and happiness so long as he shall live," and for the proper care and support of her son, Frederick H. Turner, during such times as he shall be incapacitated, might very well have made a serious depletion of the funds available for ultimate distribution. Payments of such sums as the trustee deemed reasonable for the health, care and support of the wife of Frederick H. Turner during the period she was to benefit might reasonably have diminished the principal of the trust. The provision for payments to or for the benefit of the three grandchildren for their care, comfort, support and such higher education as the trustees in their own judgment and in the best advice obtainable by them shall consider reasonable and for their best interests has authorized the trustee to make provision for their needs varying according to the requirements of each from time to time. For instance, the oldest son has been provided with higher education, the youngest son is not yet ready for college.

The time for termination of the trust and its division into three trusts for the benefit of the grandchildren arrived October 11, 1957, the date on which the defendant C. Robin Turner, the oldest of the three children of Frederick H. Turner, arrived at the age of twenty-five years. It is clear to the court

that on said date the interest of all other beneficiaries except the grandchildren in the trust ceased, in accordance with the intention of the testatrix. The then remaining funds in the hands of the trustee were to be divided into three equal parts, one of said equal parts to be immediately delivered to C. Robin Turner discharged of trust. The other two equal parts were to be held for the benefit of each of the remaining two grandchildren and to be held until each in turn should reach the age of twenty-five years, when the trust shall be paid over to them.

In arriving at the above conclusion, the court has endeavored to find the intent of the testatrix as disclosed by the language of her will. The court is limited to the language used. It may construe a will but is powerless to construct one. *Bridgeport-City Trust Co.* v. *Buchtenkirk,* 143 Conn. 531, 542. The vital consideration here is the clearly expressed, positive intent of the testatrix that the trust as originally set up should terminate when the oldest of the grandchildren shall arrive at the age of twenty-five years, and that thereafter said trust shall be divided into three separate trusts "for the benefit of each of my said grandchildren, the corpus of one of said trusts to be paid over to my oldest grandchild on or immediately after he arrives at the age of twenty-five years . . . ." *Weidlich* v. *First National Bank & Trust Co.,* 139 Conn. 652, 658.

The questions asked of the court are answered as follows:

Question A. The defendant C. Robin Turner having attained the age of twenty-five years, is the plaintiff presently required to divide the trust into three separate trusts, and to pay over to said defendant the assets of one of said separate trusts? Answer. Yes.

Question B. If the answer to question (A) is in the affirmative, must the three separate trusts referred to in that question be of equal value, or must the values of such separate trusts be adjusted so that the sum of the value of any one of such separate trusts and the payments made to or for the benefit of the remainderman of such separate trust prior to the division of the original trust shall be equal to the sum of the value of either of the other such separate trusts and the payments made to or for the benefit of the remainderman of such separate trust prior to such division of the original trust? Answer. The three separate trusts referred to in question (A) must be of equal value, without adjustment on account of payments to or for the benefit of any of the remaindermen prior to the division of the original trust.

Question D. If the answer to question (A) is in the affirmative, should the division of the original trust into three separate trusts be made as of October 11, 1957, or some other date, and if the latter, what should such date be? Answer. The division of the original trust into three separate trusts should be made as of October 11, 1957.

Question E. If the answer to question (A) is in the affirmative, is the plaintiff required to pay over to the defendant Abigail T. Meyer the assets of the separate trust of which she is the remainderman upon her attaining the age of twenty-five years, and to pay over to the defendant Thomas S. Turner the assets of the separate trust of which he is the remainderman upon his attaining the age of twenty-five years? Answer. Yes.

Question F. If the answer to question (A) is in the affirmative, is the plaintiff required to administer the other two separate trusts exclusively for the benefit of the defendants Abigail T. Meyer and

Thomas S. Turner, one of such trusts for the benefit of each? Answer. Yes.

In view of the foregoing answers, no answers need be made to the remaining questions.

Judgment may enter in accordance with the above without costs to any party.