[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Helen Gorski, brings this appeal from the action of the probate court for the district of Newington in issuing its decree and order that taxes owed to the Town of Newington, at the time of the decedent's death, together with interest to January 22, 2002, the date of its decree, be paid by the fiduciary from the assets of the estate in the sum of $4,469.14. Further, that taxes that continue to accrue are an expense of the administration of the estate.
The plaintiff/appellant contends, as executrix, she is aggrieved by the order of the probate court. That the court failed to follow the mandate of General Statutes § 12-161 which precludes the court from directing payment of taxes by the fiduciary from general estate assets.
The defendants disagree with the plaintiffs contentions and point to General Statues § 45a 333 as the authority setting out the duties of the appointed fiduciary.
Further, the defendants question the plaintiff's standing as an aggrieved party to press this appeal. They contend that it is essential to a valid appeal under General Statutes § 45a-186 that the appellant be aggrieved by the order from which the appeal is made. Weidlich v.First National Bank Trust Co., 139 Conn. 656 (1953).
Further, that "aggrieved" applies to one having a direct pecuniary interest in the matter in contention. Id at 656. In addition, that the pecuniary interest has been injuriously affected by the decree appealed from. William v. Houck, 143 Conn. 433, 437-8 (1956). That the appeal is void if these conditions are not met. Weidlich at 656. And that the Superior Court has no jurisdiction in an appeal from probate unless the plaintiff is actually aggrieved by the order or decree. Lenge v.Goldfarb, 169 Conn. 218, 220 (1975). CT Page 12290
Herein, the plaintiff is the executrix of the estate of Aleksander Gorski and has taken this appeal as such executrix. As executrix she does not have title to real estate; title passes directly to the decedent's heirs, subject to being defeated for the administration of the estate, and subject to the right of the administrator to have possession, care and control of it during the settlement of the estate. Further, the possession, care and control during the settlement of the estate is only to protect the rights of the creditors. Brill v. Ulrey, 159 Conn. 375
(1970).
Although the plaintiff alleges in her appeal that she, as executrix, is aggrieved, her only basis as expressed in Paragraph 10 of her appeal is that the probate court failed to conclude that General Statutes §12-161 precludes the court from issuing an order directing the executrix to pay taxes from the general assets of the estate. Further, she, as executrix, has no ownership interest in any asset of the estate, thus has no pecuniary interest in the subject matter of the probate court's order, and she is not adversely affected by the court's order requiring the property taxes due, or that become due, be paid out of the assets of the estate.
The plaintiff has not presented evidence that she, as executrix, has been aggrieved by the order of the probate court.
Therefore, the court finds that the plaintiff has failed to substantiate her aggrievement as such executrix. Without proof of aggrievement, this court is without jurisdiction to proceed to hear this complaint. Id. Weidlich at 656.
Therefore, it is the judgment of this court that the plaintiff's appeal be, and is hereby, denied.
Kremski, J.T.R. CT Page 12291