CITY OF BRIDGEPORT ET AL. *v.* RICHARD I. STEIBER, ADMINISTRATOR (ESTATE OF JOSEPH GRAHAM)

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued October 2—decided October 30, 1956

*Adrian W. Maher,* with whom were *James F. Kenney* and *James J. Maher,* for the appellants (plaintiffs).

*Frank L. Wilder,* for the appellee (defendant).

INGLIS, C. J. The sole question on this appeal is whether the plaintiffs are aggrieved by, and therefore have a standing to appeal from, a decree of the Probate Court appointing an administrator of the

estate of a presumptively dead person who had a claim against them for personal injuries sustained as a result of their alleged fault.

The Probate Court for the district of Bridgeport rendered a decree finding that Joseph Graham had been absent and unheard of for a period of more than seven years and was thus presumed to be dead and appointing Richard I. Steiber administrator of his estate. From this decree the plaintiffs appealed to the Superior Court. In their motion for appeal they made the following allegations concerning their interest in the subject matter of the decree appealed from. In 1948 suits were instituted against the plaintiffs claiming damages for personal injuries sustained by Graham as a result of the failure of the plaintiff city to perform its duty with respect to the maintenance of public highways and as a result of the negligence of the plaintiff Platt and Company. In each of these suits a judgment of nonsuit was rendered on May 6, 1955, because Graham was not available to proceed to trial. The motion for appeal also set forth the following: "The subscribers are aggrieved by [the] order and decree [of the Probate Court] because the appointment of the Administrator herein was made for the sole purpose of pursuing the presumed decedent's causes of action against them and said appointment has resulted in subjecting the subscribers to suits for the claimed injuries . . . . But for said order and decree the suits involving the subscribers would be impossible and, therefore, the subscribers have direct pecuniary interest in said order and decree . . . ."

In the Superior Court the defendant moved that the appeal be erased for want of jurisdiction in that the plaintiffs are not aggrieved by the decree appealed from. The court granted the motion and ren-

dered judgment erasing the appeal, and from this judgment the plaintiffs have appealed.

Appeals to the Superior Court from decrees of probate courts are authorized by § 7071 of the General Statutes. Under that section such an appeal may be taken only by a person aggrieved by the order or decree appealed from. If the appeal is taken by a person who is not aggrieved, the court to which it is taken is without jurisdiction to hear it. *O'Leary* v. *McGuinness,* 140 Conn. 80, 83, 98 A.2d 660; *Weidlich* v. *First National Bank & Trust Co.,* 139 Conn. 652, 656, 96 A.2d 547. To be aggrieved by a probate decree admitting a will to probate or appointing an administrator, a person must have a legally protected interest in the estate which has been adversely affected by the decree. *Williams* v. *Houck,* 143 Conn. 433, 438, 123 A.2d 177; *O'Leary* v. *McGuinness,* supra. It must appear, moreover, that the interest which is adversely affected is a direct interest in the subject matter of the decree appealed. *Williams* v. *Houck,* supra, 437; *Weidlich* v. *First National Bank & Trust Co.,* supra.

In *Kaskel* v. *Steinberg,* 142 Conn. 379, 114 A.2d 853, we had occasion to apply the foregoing principles to a situation similar to the one now before us. The question in that case was whether the plaintiff, who claimed that certain executors had contracted to sell his assignor real property in their charge, had a standing to appeal from an order of the Probate Court approving the sale of the property to another. It was held that he did not. We said (p. 384): "If the plaintiff is aggrieved at all, it is by reason of the executors' failing to go through with the Horn contract, which had been assigned to the plaintiff after it had been orally approved by the Probate Court. Any interest he had could be in-

juriously affected only by a breach of that contract. It could not be, and was not, directly affected by the order of the Probate Court approving the sale to Gregory."

In the present case, the plaintiffs have no legally protected interest in the estate of Graham or in the appointment of an administrator thereon. The decree does not adjudicate any issue against them. It does not determine as against them that they are liable for damages to the estate. That question will have to be decided in actions brought against them by the administrator. Their right to make their defenses in those actions is in no way affected by the appointment of the administrator. The contention of the plaintiffs is that the interest which was adversely affected by the decree appealed from was their right to be protected from having claims made against them in court. The place for them to assert that right to protection is in the court in which they will be sued. It is not the function of the Probate Court to decide whether they are entitled to such protection, and the decree appealed from does not decide that question.

In short, the plaintiffs have no interest in Graham's estate, nor is any interest of theirs directly affected adversely by the decree appointing the administrator. It follows that they are not "aggrieved" by the decree in the sense in which that word is used in § 7071 and, therefore, that the Superior Court could not take jurisdiction of their appeal.

There is no error.

In this opinion the other judges concurred.