*In re* DRAIME.

1. ADOPTION—STATUTES.

> The entire subject of adoption is purely statutory (CL 1948 and CLS 1956, § 710.1 *et seq.*).

2. STATUTES—CONSTRUCTION.

> The entire provisions of the probate code must be read and construed together (CL 1948, §§ 701.36, 701.37).

3. ADOPTION—APPEAL—CONSTRUCTION OF STATUTES.

> Provision of probate code that in all cases not specifically prohibited by statute, any person aggrieved by any order, sentence, decree or denial of the judge of probate, may appeal therefrom to the circuit court for the same county is construed as granting a right of appeal in adoption cases as no prohibition against an appeal in such cases is contained in statutory list of nonappealable orders (CL 1948, §§ 701.36, 701.37, 710.1 *et seq.*).

4. APPEAL AND ERROR — PROBATE COURT — ADOPTION — AGGRIEVED PARTIES.

> Parties who had had possession of 3-year-old boy, a ward of the probate court, and who petitioned for his adoption but were denied such right because they had not desired to adopt his sister also, were aggrieved parties entitled to appeal to the circuit court from the order of the probate court (CL 1948, §§ 701.36, 701.37, 710.1 *et seq.*).

5. SAME — QUESTIONS REVIEWABLE — DETERMINATION OF APPEALABILITY.

> The Supreme Court does not determine the merits of a probate court order when determining that such an order is an appealable one (CL 1948, §§ 701.36, 701.37, 710.1 *et seq.*).

REFERENCES FOR POINTS IN HEADNOTES

[1] 1 Am Jur, Adoption of Children § 3.
[3, 4] 1 Am Jur, Adoption of Children § 50.
[6] 2 Am Jur, Appeal and Error § 152.

6. SAME—AGGRIEVED PARTY—ADOPTION.

>   A party is aggrieved in legal acceptation when an order, judgment or decree operates on his rights in property or bears directly upon his interest, such as potential parental interest in an adoption case (CL 1948, §§ 701.36, 701.37, 710.1 *et seq.*).

Appeal from St. Joseph; Andrews (Mark S.), J. Submitted April 9, 1959. (Docket No. 32, Calendar No. 47,603.) Decided June 5, 1959.

In the matter of Keith Allen Draime, a minor, the petition for adoption filed by Harry Richard Lewis and Signa June Lewis was denied. Appeal to circuit court dismissed on motion of county agencies. Petitioners appeal. Reversed.

*Leonard J. Weiner* (*Farrell, Folz, Paulson & Palmer,* of counsel), for petitioners.

*Jack H. Lockwood,* Prosecuting Attorney, for county agencies.

KAVANAGH, J. October 31, 1955, Harry Richard Lewis and Signa June Lewis, husband and wife, filed a petition with the probate court for the county of St. Joseph to adopt Keith Allen Draime, a 3-year-old minor who was then a ward of the probate court.

The probate court, after a preliminary investigation, entered an order placing the minor child in petitioners' home, where the minor has resided continuously since that date.

On July 10, 1957, the probate court entered an order denying the petition to adopt and committed the child to the Michigan Children's Institute of Ann Arbor, Michigan, for observation and subsequent adoption placement. The court stated as its reason that petitioners did not desire to adopt Marsha Draime, sister of Keith, and the court was of the

opinion that it would be detrimental to the best interests of both children if they were separated.

An appeal from this order was taken by Mr. and Mrs. Lewis to the circuit court of St. Joseph county. A motion to dismiss the appeal was made by the prosecuting attorney on behalf of the judge of probate and the juvenile welfare agent, claiming:

(1) An appeal does not lie to the circuit court in adoption cases where adoption has been denied by the probate court.

(2) The petitioners are not aggrieved persons within the meaning of chapter 1, § 36, of the probate code (CL 1948, § 701.36 [Stat Ann 1943 Rev § 27-.3178(36)]).

The circuit judge granted the motion to dismiss.

Petitioners have appealed to this Court from the order of the circuit court dismissing their appeal.

It is admitted that the entire subject of adoption in Michigan is purely statutory. Adoption proceedings are a part of the revised probate code of 1939, PA 1939, No 288 (CL 1948 and CLS 1956, § 701.1 *et seq.* [Stat Ann 1943 Rev and Stat Ann 1957 Cum Supp § 27.3178(1) *et seq.*]), which is entitled:

"An act to revise and consolidate the statutes relating to the organization and jurisdiction of the probate courts of this State  *  *  *  the statutes of descent and distribution of property, and the statutes governing the probating of estates of decedents, disappeared persons and wards, change of name of adults, *the adoption of children* and the jurisdiction of the juvenile division of the probate courts over children  *  *  *  pleading, evidence, practice and procedure in actions and proceedings in said courts; *appeals from said courts.*" (Emphasis ours.)

This new probate code consolidated and revised the many earlier statutes containing the general body of the probate law.

Chapter 10 of the probate code deals with the question of adoption (CL 1948 and CLS 1956, § 710.1 *et seq.* [Stat Ann 1957 Cum Supp § 27.3178(541) *et seq.*]). CL 1948, § 701.36 [Stat Ann 1943 Rev § 27.3178(36)] provides, in part, as follows:

"In all cases not specifically prohibited by statute, any person aggrieved by any order, sentence, decree or denial of the judge of probate, may appeal therefrom to the circuit court for the same county."

CL 1948, § 701.37 [Stat Ann 1943 Rev § 27.3178 (37)] contains certain nonappealable orders. Section 37 does not contain a prohibition against appealing orders in adoption cases under chapter 10. The entire provisions of the probate code must be read and construed together.

Since the legislature did not see fit to prohibit appeals from orders entered in adoption cases, and since the language under chapter 1, § 36, is so broad, we hold that it was clearly the intent of the legislature to grant the right of appeal in adoption cases. Certainly if it had been the legislature's intention to deny the right of appeal they could have easily included it in section 37. Their failure to do so indicates such an appeal will lie.

The second question as to whether the petitioners are "aggrieved parties" within the meaning of section 36 is one that probably should require no authority. The petitioners for almost 2 years had in their possession the 3-year-old boy, and the fact that they prosecute an appeal to this Court to retain that possession is some indication that they are aggrieved by the order denying them the right to adopt the minor child. In so stating we are not ruling on the merits of the decision of the probate court.

It is the contention of appellees that in order to be an aggrieved party one must show that he will suffer a pecuniary loss. The Michigan cases cited in sup-

port of this position were all dealing with interests in an estate of inheritance or property matters therein involved.

This Court said in *In re More's Estate,* 179 Mich 237, 244:

"In legal acceptation a party is aggrieved by a judgment or a decree when it operates on his rights in property or *bears directly upon his interest.*" (Emphasis ours.)

In the relatively late case of *In re Snyder,* 328 Mich 277, 281, the Court said:

"We cannot sustain the contention that the intervenors were without right to appeal. They were made parties to the action by the circuit court and were aggrieved by its order which would terminate their parental rights under any adoption proceedings which were instituted in accordance with the original order of the probate court for the county of Muskegon."

No pecuniary rights were involved in the *Snyder Case,* yet the Supreme Court held such adopting parents to be aggrieved since the order would terminate their parental rights under the adoption proceedings.

In the instant case petitioners were adversely affected by the denial of the adoption order by the probate court. Petitioners were aggrieved parties within the meaning of section 36 and, therefore, had the right to appeal.

The decision of the circuit court on the motion to dismiss is reversed. Costs in favor of appellants.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.