*In re* CRITCHELL ESTATE.

PETITION OF PERLICH.

APPEAL OF MICHIGAN MUTUAL LIABILITY INSURANCE COMPANY.

1. APPEAL AND ERROR—PROBATE COURT—CIRCUIT COURT—QUESTIONS REVIEWABLE.

   Issues sought to be raised on appeal from the probate court to the circuit court were not before the latter court if an appeal was taken thereto without right to do so (CL 1948, § 701.36).

2. EXECUTORS AND ADMINISTRATORS—REOPENING ESTATE—RIGHT OF APPEAL.

   An administrator of an estate who is appointed after petition filed to reopen estate that has once been probated has no interest in the estate or in its assets aside from the status given him by the order reopening the estate and appointing him as administrator, hence, he has no right to appeal from such order as he is not an aggrieved person (CL 1948, § 701-.36).

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur, Appeal and Error § 146.
[2] 2 Am Jur, Appeal and Error § 183.
[3] 2 Am Jur, Appeal and Error § 152.
[4] 2 Am Jur, Appeal and Error § 171.
[5, 6] 2 Am Jur, Appeal and Error § 161.
[7] 3 Am Jur, Appeal and Error § 813.

3. APPEAL AND ERROR—PROBATE COURT—AGGRIEVED PERSON.

A "person aggrieved" within meaning of statute relating to appeals from probate court to the circuit court means a person who has some interest of a pecuniary nature in the outcome of the case, not a mere possibility arising from some unknown and future contingency (CL 1948, § 701.36).

4. SAME—PROBATE COURT—AGGRIEVED PERSON—WIDOW.

Widow of decedent was not an aggrieved party entitled to appeal from order reopening estate of decedent, where petition filed did not seek to reach assets which had been distributed in probate proceedings theretofore completed but merely to enable petitioner to bring an action against the estate and if judgment were recovered against it to seek enforcement against the insurance company in accordance with the terms of its policy (CL 1948, § 701.36).

5. SAME—PROBATE COURT—AGGRIEVED PERSON—INSURER UNDER AUTOMOBILE INSURANCE POLICY.

The insurer under an automobile insurance policy issued to person now deceased is not a "person aggrieved" as the term is used in probate code provision relative to appeals to the circuit court from an order of the probate court reopening an estate of a deceased person and appointing an administrator (CL 1948, § 701.36).

6. SAME—PROBATE COURT—AGGRIEVED PERSON—DEBTOR OF ESTATE.

A debtor of an estate is not "aggrieved" by appointment of a representative of the estate within meaning of statutory provisions governing appeals in probate, and is not entitled to a review of the proceedings appointing such a representative, when sued on the asserted obligation (CL 1948, § 701.36).

7. SAME—PROBATE COURT—AGGRIEVED PERSON—CIRCUIT COURT—JURISDICTION.

The circuit court was without jurisdiction to proceed to a determination, where appeal to it from probate court had been taken by parties who were not aggrieved by order reopening estate of decedent (CL 1948, § 701.36).

EDWARDS, KAVANAGH, and SOURIS, JJ., dissenting.

Appeal from Gogebic; Brennan (Leo J.), J., presiding. Submitted April 7, 1960. (Docket No. 29, Calendar No. 47,779.) Decided October 10, 1960. Rehearing denied December 1, 1960.

In the matter of the estate of Perry Long Critchell, deceased, Frank T. Perlich, a claimant, petitioned to reopen administration for purpose of instituting suit on automobile negligence claim and reaching insurance coverage. Petition granted and administrator *de bonis non* appointed. In circuit court the motion of Robert A. Burns, administrator, Ethelyn Critchell, widow and heir-at-law, and Michigan Mutual Liability Insurance Company, insurer, for judgment was denied and their appeal to circuit court was dismissed, from which order they appeal. Affirmed.

*Humphrey & Humphrey,* for estate.

*Theodore G. Albert* and *Peter E. Bradt,* for claimant.

KAVANAGH, J. (*dissenting*). Appellants seek relief from this Court from the circuit court's denial of a motion for judgment and the granting of appellee's motion to dismiss in the circuit court for the county of Gogebic. The principal issue is whether or not the probate court had jurisdiction to reopen the estate of Perry Long Critchell, deceased, and appoint a second administrator.

The facts in the case are practically undisputed. Frank T. Perlich, sheriff of Gogebic county, on March 20, 1954, was a passenger in a State-owned Michigan State police car driven by State Trooper Perry Long Critchell. This car was involved in an accident on highway US-27 in Crawford county, Michigan, which resulted in the death of Critchell and in injuries to Perlich. Michigan Mutual Liability Insurance Company insured the State of Michigan on this particular vehicle. On March 30, 1954, Perlich's attorney wrote the insurance company with reference to the claim of Perlich. The record discloses a series of negotiations between Perlich's at-

torney and the insurance company from that time until August, 1954. Perlich himself was confined in a hospital at Grayling, Michigan, until June 8, 1954. Critchell's widow, on April 24, 1954, was appointed administratrix in the estate of Perry Long Critchell, deceased. Proof of publication with reference to claims was filed May 15, 1954, and an order closing hearing on claims, was entered June 29th. Subsequently, a final account was filed, proof of publication with reference to the final account was made on July 19th and an order allowing the account and assigning the residue was entered on August 10, 1954.

On February 23, 1957, almost 3 years after the accident, Perlich petitioned for reopening of the Perry Long Critchell estate, representing himself as being interested in said estate and making the petition as a claimant with an unliquidated claim action against the administrator and estate of Perry Long Critchell, deceased, as a result of damages sustained by him growing out of the vehicular collision occurring on March 20, 1954. Petitioner further represented that the insurance policy constituted an after-discovered asset by which the claim of the petitioner might be paid. Petitioner further represented that he had no knowledge or information with respect to the previous administration of the estate.

Attorneys for Ethelyn Critchell, heir and widow of said deceased, on March 14, 1957, moved the court to deny any petition for the reopening of said estate for the reason that the probate court was without jurisdiction, that complete administration of decedent's estate had been made, and the administrator discharged. A similar motion was made by Michigan Mutual Liability Insurance Company for the same reasons, alleging that its interest in the proceeding was that it might be required to defend the administrator of the estate, if any, in connection with any claim which the creditor might have. On the same

date Perlich filed a claim against the estate for $124,768.

On March 15, 1957, the probate judge entered an order reopening the estate and appointing Robert A. Burns as administrator with all the powers and duties of an administrator *de bonis non.* Robert A. Burns qualified by filing the requisite bond, and letters of administration were issued to him on March 16, 1957.

On March 29, 1957, Burns, administrator, Ethelyn Critchell, widow of said deceased, and Michigan Mutual Liability Insurance Company appealed to the circuit court for the county of Gogebic the probate court's order reopening said estate and appointing the second administrator, claiming that the probate court had no jurisdiction in law to make such an order. Subsequently, a motion for judgment was filed on behalf of the appellants and a motion to dismiss the appeal was filed by Perlich.

The Gogebic county circuit court, on April 7, 1958, found that the appellants are not aggrieved persons within the scope and meaning of CL 1948, § 701.36 (Stat Ann 1943 Rev § 27.3178[36]), since they had no pecuniary interest in the outcome of the case, and ordered that the motion for judgment be denied, the motion to dismiss granted, and the order of the probate court for the county of Gogebic affirmed. Michigan Mutual Liability Insurance Company, Ethelyn Critchell, and Robert A. Burns, administrator of the estate, appeal to this Court for relief from the circuit court order of April 7, 1958.

The controlling question we have presented is: Did the Gogebic county probate court have jurisdiction to appoint a second administrator and reopen the estate 2 years and 6 months after the closing of the estate and discharge of the original administratrix, for the purpose of permitting a creditor to file

a contingent claim and have an administrator to sue in circuit court?

It is admitted by Perlich that while in the hospital at Grayling, Michigan, he was visited by insurance company adjusters, who discussed his claim with him, and that correspondence was had by his attorney with the insurance company. Admittedly, CL 1948, § 704.56 (Stat Ann 1959 Cum Supp § 27.3178 [307]), reads as follows:

"After allowance of the final acount and entry of order for distribution, the fiduciary shall make distribution, taking receipts for the same, and upon filing such receipts and the receipts showing payment of the inheritance tax or the issuance of an order determining that no tax is payable, he may be discharged and his bondsmen released.

"The court may, upon petition having been filed after the closing of an estate, cause the same to be reopened for the purpose of administering after-discovered assets or to complete the administration of the same in case said estate was closed without being fully administered by the fiduciary or court, or for the correction of typographical errors, omissions, or misdescription of property contained in any order or record in said estate, and for any of these purposes may appoint a successor fiduciary: *Provided, however, That the failure of a claimant to file a claim against said estate during the original administration thereof shall not be a cause for reopening the same or for the appointment of a successor fiduciary.*" (Emphasis added.)

It is apparent, therefore, that if Perlich is a claimant, as he represents himself to be in his petition to have the estate reopened, with an unliquidated claim action against the administrator of the estate, then the probate court had no jurisdiction to enter such an order reopening the estate.

It is argued by the appellee that the insurance was an after-discovered asset of the estate, and since the

estate was closed without notice to Frank T. Perlich, who was a known beneficiary of this asset of the estate, it was not binding on him. By whom the asset was after-discovered is hard to determine. Certainly not by the insurance company; it well knew of the policy. Certainly not by the Critchell estate; they knew the policy existed. Claimant Perlich knew of the existence of the policy of insurance, personally talked with the insurance adjusters, and employed an attorney to represent him and carry on negotiations with the insurance company. To whom, then, did this "after-discovery" apply? We must reach the conclusion that there was no after-discovery; that Perlich and his attorney slept on their rights for 2-1/2 years; and that they failed to institute a suit when there was a fiduciary to sue and to file a claim against the estate during the original probate proceedings. Surely the administratrix had no obligation, under the statute or otherwise, to advise Perlich as to his rights and beg him to institute suit. For aught she knew, Perlich had decided for reasons of his own that he did not intend to sue the estate. Perhaps the administratrix didn't believe her husband was negligent or grossly negligent and that consequently Perlich had no claim. Perlich had retained a lawyer within 10 days after his accident; had discussed with the insurance company settlement of his claim; and, so far as administratrix knew, had perhaps abandoned his claim. It is stretching the imagination to presume that any reasonable person who feels he has a claim against an estate in the amount of $124,768 would sleep on his rights for 2-1/2 years after the estate was closed before attempting to protect those rights. Certainly, if this was an after-discovered asset within the meaning of the statute, the persons who had so discovered it are not made known to this Court.

Mr. Justice Carr in *In re Koss Estate,* 340 Mich 185, speaking for this Court, said (p 192):

"In probate matters involving the settlement of estates litigants are entitled to prompt action and the statutes and court rules were designed for that purpose."

This Court in *Lawrence* v. *DeBoer,* 273 Mich 172, in considering the statute limiting the time during which claims against deceased persons may be filed, said (pp 177, 178):

"This statute has been construed with strictness, its purpose being to secure the speedy settlement of estates in the probate court."

In *Young* v. *Moore* (ED Mich), 127 F Supp 265, a case involving almost the identical facts of the instant case, except that in the *Young* v. *Moore Case* action was not brought until 10 months after the estate was closed, Judge Picard, in analyzing the Michigan probate code, said (p 268):

"Prior to 1939, by express statutory provision, claims not presented to the commissioners on claims (or to the probate court if no commissioners appointed) within the time limited by the court were forever barred. See CL 1929, § 15687, *Coughlin* v. *Wineman,* 260 Mich 469; *In re Estate of Jeffers,* 272 Mich 127; *In re Thayer's Estate,* 210 Mich 696. This is such a claim since all claims, with exceptions not here pertinent must be so presented under CL 1929, § 15685. See, also, *In re Sullivan's Estate,* 165 Mich 585; *Patrick* v. *Howard,* 47 Mich 40; *In re Chamberlain's Estate,* 298 Mich 278.

"But in 1939, the laws relating to the administration of estates were codified and certain changes made, among them a provision permitting establishment of claims in court of general jurisdiction was added, CL 1948, § 708.22 (Stat Ann 1943 Rev § 27.3178 [432]). See *In re Chamberlain's Estate,*

*supra.* At the same time the express provision in CL 1929, § 15687, barring claims not presented within the limit was omitted. But under the new code the probate court is still required to fix a date for filing and hearing claims, CL 1948, § 708.2 (Stat Ann 1943 Rev § 27.3178 [412]), and CL 1948, § 708.18 (Stat Ann 1943 Rev § 27.3178 [428]), provides that a tardy claim may be filed if presented within 18 months after original filing date for administration of the estate and *before the estate is closed.* * * *

"We also direct attention to the fact that the probate code does have a provision protecting unliquidated claims such as in the case at bar. All claimant must do is to start suit and give notice to the probate court. From that moment on no part of the estate is distributed but is held pending result of the unliquidated claim action. Then when such claim is established against the estate of a decedent the clerk of the court where judgment is obtained must certify that judgment to the probate court and its effect shall be the same as all other approved claims of the same class, CL 1948, § 708.22 (Stat Ann 1943 Rev § 27.3178 [432])."

Mr. Justice BLACK in *Melvin* v. *Reading,* 346 Mich 348, said (p 353):

"Reading between the lines, it establishes all too clearly that somnolent negotiations and slumber on rights to exclusion of other causes have left plaintiff in position where she has no pending estate against which to file claim and no fiduciary to sue.

"Judge Picard's carefully considered opinion in *Young* v. *Moore,* 127 F Supp 265, discloses similar slumber and consequent mournful result. His view of Michigan law in that case, which we adopt, save only as presently noted, leads to reluctant conclusion that there is no equity on the face of this bill.

"The right to file claim or suit based on an obligation of a decedent accruing in his lifetime, whether it sound in tort or otherwise, is provided for and limited by the probate code."

Justice CARR in his opinion in the instant case writes:

"The circuit court sustained the claim of appellee and granted the motion to dismiss. In accordance therewith an order was entered denying appellants' motion for judgment. In view of the manner of disposition of the controversy no finding was made with reference to the alleged invalidity of the probate court order."

The opinon and order of the circuit judge, filed April 7, 1958, is set out in full on pages 36a and 37a of appellants' brief and appendix on appeal. The second last paragraph of that order reads as follows:

"It is ordered that the motion for judgment be denied, the motion to dismiss, granted, and the said order of the probate court for the county of Gogebic, filed March 15, 1957, be and the same is hereby affirmed, without costs."

Justice CARR further states:

"As before noted, all assets of the Critchell estate, other than the insurance policy in question at this time, were disposed of in accordance with the orders of the probate court. The appellee in this proceeding, Frank T. Perlich, did not seek in his petition for the appointment of an administrator to reach property that had already been assigned or distributed. Rather, the sole purpose was to enable him to bring action against the estate and in the event of recovery of a judgment to seek enforcement against the insurance company in accordance with the terms of its policy. In such policy appellant Ethelyn Critchell has no interest, and there is no attempt to reach what she has heretofore received."

No such representations are found in the petition to reopen the estate, except to say in paragraph 6 thereof, as shown in appellants' appendix, on page 12a, "that the estate of Perry Long Critchell, de-

ceased, has liability-insured protection and the claim of your petitioner against said estate will not prejudice the legatees or distributees who have acted in reliance of such closing of said estate."

The claim of Frank T. Perlich is set forth in its entirety on pages 17a and 18a of appellants' appendix, the last paragraph of which reads in part as follows:

"Wherefore, Frank T. Perlich, claimant, claims damages against the estate of Perry Long Critchell in the amount of $124,768."

The brief and appendix of appellee contains excerpts from the insurance policy. On page 7b the following is set forth under indorsement (C):

"The limits of liability for coverage A are to be $25,000 each person and $100,000 each accident except for the following vehicles:
"(State police vehicles not excepted)."

In answer to the argument the widow, Ethelyn Critchell, has no pecuniary interest in said estate which would authorize her to take an appeal to the circuit court, it is to be noted, under the original assignment of residue, she received an undivided 1/3 interest in the real and personal estate of her deceased husband. If the claim of Frank T. Perlich were allowed, the widow would be liable pro rata for her 1/3 share of the estate over the $25,000 limit of the insurance policy, in accordance with CL 1948, § 708.29 *et seq.* (Stat Ann 1943 Rev § 27.3178 [439] *et seq.*). See *Schutz* v. *Read,* 284 Mich 548. If the insurance company became insolvent in the interim, clearly the widow's 1/3 share of the estate could be taken for the purpose of payment of the judgment.

It is argued that the new administrator, Mr. Burns, has no interest in the estate and, therefore, is not an aggrieved party. The decision of this

Court in *In re Estate of Trankla,* 321 Mich 478, is alleged to be in point. In *Trankla* a vacancy occurred in a trusteeship under a will by reason of the death of 1 of the 3 trustees. The 2 surviving trustees petitioned the probate court for Kent county to appoint one Michael Leonard as successor trustee. The petition alleged that the members of the family desired the appointment of Mr. Leonard. It further set forth a provision of the will which requested the probate court to give all due consideration to the wishes expressed by the immediate members of the family in regard to a successor trustee. At the probate court hearing a member of the Grand Rapids bar was named as successor trustee by the probate court. A timely appeal was taken to the circuit court by one of the surviving trustees and by the son and daughter of the testator. The circuit court held that the order appointing the member of the Grand Rapids bar without regard to the wishes of the testator's family, the surviving trustees and the beneficiaries of the trust, and the desire of the testator as set forth in his last will and testament, was made capriciously and arbitrarily and constituted an abuse of discretion by the probate judge. The circuit court set aside the order appointing the member of the Grand Rapids bar and remanded the case to the probate court with the direction that Mr. Leonard be appointed. The member of the Grand Rapids bar who had been appointed successor trustee by the probate court appealed to this Court. Justice BUTZEL, after citing several Michigan cases and some from outside the State, said (p 483):

"that the appellant has no such direct pecuniary interest in the subject-matter of this case as to constitute him an aggrieved person entitled to appeal."

Citing *In re More's Estate,* 179 Mich 237, 244, in support of this position, Justice BUTZEL quoted the following language from the opinion in that case:

" 'In legal acceptation a party is aggrieved by a judgment or decree when it operates on his rights in property or bears directly upon his interest.' "

The *Trankla Case* is distinguishable from the instant case. Here Mr. Burns has not been removed, but is the acting administrator with the obligation to protect the estate against claims when they are not properly presented in accordance with law.

In *In re McNamara's Estate,* 148 Mich 346, this Court cited *Lothrop* v. *Conely,* 39 Mich 757, and said (p 348):

"If the special administrator has the duty to defend against the claim, he certainly has the right to follow the case to the circuit and obtain a review if desired."

The duty and responsibility of any administrator is the preservation of the assets of the estate. Administrator Burns was charged with this duty in the same manner as all other administrators. He, therefore, had an interest which justified the appeal.

In view of the holding that the administrator and the widow are aggrieved parties within the meaning of the applicable appeal statute, it becomes unnecessary to discuss the position of the insurance company.

The statute prohibits the probate court doing what it attempted to do here. CL 1948, § 704.56 (Stat Ann 1959 Cum Supp § 27.3178 [307]), provides in part:

"Provided, however, That the failure of a claimant to file a claim against said estate during the original administration thereof *shall not be a cause for reopening the same or for the appointment of a successor fiduciary.*" (Emphasis added.)

We conclude that the probate court lacked authority to reopen the Critchell estate and appoint a second administrator, and that appellants are proper persons to question the orders of the probate court on appeal.

The order of the circuit court denying the motion for judgment should be reversed, the order granting the motion to dismiss should be reversed, and the case should be remanded to the Gogebic county circuit court for the entry of an order vacating and holding for naught the order of the Gogebic county probate court entered on March 15, 1957, reopening the estate of Perry Long Critchell, deceased, and the granting of letters of administration on March 16, 1957. Appellants should have costs.

EDWARDS and SOURIS, JJ., concurred with KAVANAGH, J.

CARR, J. This matter comes before the Court on appeal from an order of the circuit court of Gogebic county dismissing an appeal from the probate court of said county, and a companion order denying appellants' motion for judgment. It is the claim of Frank T. Perlich, appellee herein, that on the 20th day of March, 1954, he was injured in a traffic accident occurring on US–27 in Crawford county. At the time Mr. Perlich was sheriff of Gogebic county and was riding in a State-owned car driven by Perry Long Critchell, a sergeant of the Michigan State police. It is further claimed that the officers were on a law-enforcement mission and that the automobile driven by Sergeant Critchell was covered as to its operations by an insurance policy issued to the State by the appellant Michigan Mutual Liability Insurance Company.

Sergeant Critchell sustained injuries in the accident which resulted in his death, and Mr. Perlich

was hospitalized for a period of 79 days as a result of the injuries suffered by him. Appellee claimed that the accident in question was caused by negligence on the part of Sergeant Critchell and through his attorney negotiations were entered into with the Michigan Mutual Liability Insurance Company (hereinafter referred to as the insurance company) in an attempt to procure a settlement for claimed damages. Apparently such negotiations did not result in definite action. In the meantime Sergeant Critchell's estate was probated in Gogebic county. An assignment of the property interests to the widow and other heirs was entered, and the administratrix appointed by the court was discharged on August 10, 1954.

Subsequently, following the failure to reach a settlement as a result of the negotiations with the insurance company, Mr. Perlich, asserting his claim against the Critchell estate, filed a petition in the probate court for the appointment of an administrator. It is his claim that as a result of such petition he learned for the first time of the probate proceedings that had been taken. Thereupon he filed a petition asking that the proceedings be reopened in order to permit him to file his claim, and that an administrator might be appointed against whom suit could be instituted. As the basis for such petition he alleged that no notice was given to him of the prior probate proceedings in Gogebic county, that the insurance company acted on behalf of the estate in the negotiations above mentioned, and that the asserted liability on the part of the estate to himself was a known fact. Apparently it was his theory, or that of his counsel, that the failure to give him notice on the basis of his alleged cause of action against the estate in effect amounted to a lack of due process in that he was thereby deprived of his right to file his claim in such proceeding. He further

asserted as the basis for his petition that the insurance policy was an asset of the estate, and that it was not listed or otherwise treated as such. The judge of probate granted the petition and appointed Robert A. Burns, who had acted as attorney for the Critchell estate, as administrator. Mr. Burns duly qualified as such.

From the order of the probate court, administrator Burns, Ethelyn Critchell, the widow of Sergeant Critchell, and the insurance company in question appealed to the circuit court. In that forum counsel for appellants moved for judgment setting aside the order of the probate court on the ground that it was entered without jurisdiction. Counsel for appellee Perlich moved that the appeal be dismissed, asserting as the basis thereof that none of the 3 appellants was an aggrieved person, or party, within the meaning of the statute (CL 1948, § 701.36 [Stat Ann 1943 Rev § 27.3178(36)]). The circuit court sustained the claim of appellee and granted the motion to dismiss. In accordance therewith an order was entered denying appellants' motion for judgment. In view of the manner of disposition of the controversy no finding was made with reference to the alleged invalidity of the probate court order. If the appeal was taken without right to do so, the issues sought to be raised by appellants were not before the court. An appeal to this Court has been prosecuted on the theory that the circuit judge was in error in granting the motion to dismiss and in refusing to enter judgment on behalf of the appellants.

The question before us for determination is whether the appellants, or any of them, may maintain the claimed right to appeal from the probate court order. Insofar as administrator Burns is concerned we think it obvious that the question must be answered in the negative. In effect, Mr. Burns is

seeking to assail the order under which he was appointed as administrator of the estate. Aside from the status given him by such order he has no interest in the estate or in its assets.

The decision of this Court in *In re Estate of Trankla,* 321 Mich 478, is in point. In that case a petition was filed in the probate court of Kent county for the appointment of a successor trustee to act under the will of Charles Trankla. The petition indicated specifically the individual whom it was desired to have appointed. The probate court, however, did not make the appointment as requested but selected for the position a member of the Kent county bar, an attorney of experience and high standing in his profession. From such order an appeal was taken to the circuit court of the county by one of the surviving trustees and by the son and daughter of the testator. The circuit court reversed the probate court order and from such order of reversal the trustee appointed by the judge of probate undertook to appeal to this Court. It was held that he was not an "aggrieved person" within the meaning of the statute, and that other questions raised in the case did not require consideration. Accordingly the judgment of the circuit court was affirmed.

In reaching such conclusion the Court cited with approval prior decisions recognizing the basic rule that in order to appeal one must have an interest in the subject matter of the litigation. Among other decisions the Court referred to *In re Estate of Matt Miller,* 274 Mich 190, 194, where it was said:

"To be aggrieved, one must have some interest of a pecuniary nature in the outcome of the case, and not a mere possibility arising from some unknown and future contingency. This is the general rule."

See, also, *Butts* v. *Ruthven,* 292 Mich 602, and *In re Wood's Estate,* 299 Mich 635, the opinions in which

discussed the question at issue and recognized the rule to be as above stated.

Counsel for appellants have called attention to *In re Draime,* 356 Mich 368. Involved there were provisions of the probate code relating to adoption proceedings. It appears that a petition had been filed seeking the adoption of a 3-year-old child, a ward of the probate court. Said court entered an order placing the child in the home of the petitioners where he remained for nearly 2 years. No question was raised as to the suitability of the would-be adopting parents nor with reference to their home, but the probate court denied the petition for adoption and committed the child to the custody of the Michigan Children's Institute for the reason that the petitioners did not wish to adopt another child, a sister of the boy whose custody for the period indicated had been granted to them. It was held that the petitioners were entitled to appeal from the order and the decision of the circuit judge based on a contrary conclusion was reversed. We think it apparent that different considerations must be applied in an adoption case than in one in which pecuniary rights and interests are involved. In the case at bar questions analogous to those in the *Draime Case,* and in the preceding case of *In re Snyder,* 328 Mich 277, are not involved. The parties to the controversy now before us are concerned wholly with pecuniary questions and, in consequence, had no right to appeal to the circuit court unless they possessed an interest, or interests, of such nature.

As before noted, all assets of the Critchell estate, other than the insurance policy in question at this time, were disposed of in accordance with the orders of the probate court. The appellee in this proceeding, Frank T. Perlich, did not seek in his petition for the appointment of an administrator to reach property that had already been assigned or distributed.

Rather, the sole purpose was to enable him to bring action against the estate and in the event of recovery of a judgment to seek enforcement against the insurance company in accordance with the terms of its policy. In such policy appellant Ethelyn Critchell has no interest, and there is no attempt to reach what she has heretofore received.

In *Melvin* v. *Reading*, 346 Mich 348, to which counsel for appellants have directed our attention, the proceeding brought by plaintiff was of a wholly different nature than is the instant case. There a bill in equity was filed seeking judgment against the heirs and distributees of an estate which had been probated in a somewhat summary manner. Here Mrs. Critchell is not a party to the present proceeding. She has no interest therein either pecuniary or otherwise and cannot be said to have been aggrieved by the order of the probate court appointing Mr. Burns as administrator for the purposes of the petition filed by the appellee.

This brings us to the question as to the status of the insurance company. It is in the position of assailing the order from which it took an appeal to the circuit court in order to protect itself from possible liability under the policy issued to the State of Michigan. It has no interest otherwise, and obviously no interest in the assets of the estate of which disposition has been made in the prior proceeding. Its status is that of a debtor. In other words, if action is brought against the administrator for damages, and judgment is obtained, such judgment may perhaps be enforced in accordance with the terms of the policy. The provisions of the statute of Michigan permitting such enforcement for the benefit of a judgment creditor of the insured rest on the theory of a debtor-creditor arrangement.

The question at issue is whether a possible debtor of the estate can be said to be aggrieved by an order

of the probate court appointing an administrator of the estate against whom an action may be brought. The Michigan decisions above referred to suggest the conclusion that the insurance company, being merely a possible debtor, does not have such an interest as entitled it to appeal from the order in question here. Such has been the holding in other States. In *In re Estate of Hardy* v. *Minneapolis & St. L. R. Co.*, 35 Minn 193 (28 NW 219), an administratrix appointed by a probate court brought an action against the defendant railway company to recover damages for the alleged wrongful killing of her intestate. The company undertook to appeal from the order of the probate court appointing the administratrix. The district court to which such appeal was taken dismissed it on the ground that an appeal could be taken only "by a party aggrieved." In sustaining the action of the district court the supreme court of Minnesota said, in part, with reference to the meaning of the term "party aggrieved":

"This does not include a mere debtor of the estate. It refers to one who, as heir, devisee, legatee, or creditor, has what may be called a 'legal interest' in the assets of the estate, and their due administration. A mere debtor of a decedent's estate may have a personal preference as to who shall be appointed administrator, but in law that is a question in which he has no interest, and therefore its determination in one way or another cannot aggrieve him in any legal sense. His simple duty is to pay his debt to the administrator, whoever he may be. How the estate is administered, or by whom, is nothing to him. The case of one against whom an administrator has a right of action under the statute cited cannot stand upon any different footing."

Of like import is *City of Bridgeport* v. *Steiber,* 143 Conn 720 (126 A2d 823). In that case the plaintiffs undertook to appeal from a decree of a probate

court which appointed an administrator of the estate of one absent for more than 7 years and presumptively dead. Said appeal was predicated on the proposition. that suits had been brought against the plaintiffs claiming damages for personal injury sustained by the alleged decedent because of the failure of the city of Bridgeport to properly maintain its public highways, and also on the theory of negligence on the part of another. On appeal to the superior court a motion was made to dismiss for want of jurisdiction on the theory that the appellants were not aggrieved by the decree from which they sought to appeal. In sustaining the order of the superior court the supreme court of the State said, in part (pp 722, 723):

"Appeals to the superior court from decrees of probate courts are authorized by section 7071 of the general statutes.* Under that section such an appeal may be taken only by a person aggrieved by the order or decree appealed from. If the appeal is taken by a person who is not 'aggrieved,' the court to which it is taken is without jurisdiction to hear it. *O'Leary* v. *McGuinness,* 140 Conn 80, 83 (98 A2d 660); *Weidlich* v. *First National Bank & Trust Co.,* 139 Conn 652, 656 (96 A2d 547). To be aggrieved by a probate decree admitting will to probate or appointing an administrator, a person must have a legally protected interest in the estate which has been adversely affected by the decree. *Williams* v. *Houck,* 143 Conn 433, 438 (123 A2d 177); *O'Leary* v. *McGuinness, supra.* It must appear, moreover, that the interest which is adversely affected is a direct interest in the subject matter of the decree appealed. *Williams* v. *Houck, supra,* 437; *Weidlich* v. *First National Bank & Trust Co., supra.* * * *

"In the present case, the plaintiffs have no legally protected interest in the estate of Graham or in the appointment of an administrator thereon. The de-

* See Conn Gen Stat (1958 Rev), § 45-288.—REPORTER.

cree does not adjudicate any issue against them. It does not determine as against them that they are liable for damages to the estate. That question will have to be decided in actions brought against them by the administrator. Their right to make their defenses in those actions is in no way affected by the appointment of the administrator. The contention of the plaintiffs is that the interest which was adversely affected by the decree appealed from was their right to be protected from having claims made against them in court. The place for them to assert that right to protection is in the court in which they will be sued. It is not the function of the probate court to decide whether they are entitled to such protection, and the decree appealed from does not decide that question.

"In short, the plaintiffs have no interest in Graham's estate, nor is any interest of theirs directly affected adversely by the decree appointing the administrator. It follows that they are not 'aggrieved', by the decree in the sense in which that word is. used in section 7071 and, therefore, that the superior court could not take jurisdiction of their appeal."

In *Berry* v. *Smith,* 85 Ga App 710 (70 SE2d 62),. a petition was filed in a court of jurisdiction for an appointment of an administrator of the estate of Berry, the petitioner claiming a cause of action against Berry for damages because of personal injuries resulting from a traffic accident. The Trinity Universal Insurance Company had issued a policy. of insurance to Berry containing a public liability provision, and filed a caveat challenging the right of the moving party to seek the appointment of an administrator. The widow of the deceased likewise filed a caveat claiming that the petitioner was not a creditor and that there was no property upon which administration could be had. The court of original jurisdiction upheld the contention of Mrs. Berry that there was no estate to be administered, and

dismissed the application filed by plaintiff Smith. An appeal was taken to the superior court of the county which concluded that the insurance company's caveat was not well-founded, and that the order sustaining the motion to dismiss on behalf of Mrs. Berry should be reversed. The court of appeals of the State rejected the claim of the insurance company that it had a substantial interest to protect and hence was entitled to appeal the order. In taking such action it was said (pp 713, 714):

"Since mere apprehension of suit by an administrator, when appointed, will not authorize a person to appear as a party in the court of ordinary (*Augusta & Summerville R. Co.* v. *Peacock,* 56 Ga 146), it follows that a company which will be bound to defend a suit, if filed, against an administrator, when appointed, just as it would have been bound to defend a suit for the same cause of action against deceased had he lived, does not have any interest in the estate, but is a mere interloper; and the trial court properly sustained the petitioner's demurrer to the company's caveat, since it has no right to be heard on any contention."

Citing prior decisions the court further held that the petitioner was entitled to seek the appointment of an administrator, and that the potential liability of an insurer is an asset of the estate. The order of the superior court was, in consequence, sustained.

In *Persky* v. *Greever* (Tex Civ App), 202 SW2d 303, the court of civil appeals of the State of Texas held that:

"A debtor of an estate is not 'aggrieved' by appointment of a representative of the estate within meaning of statutory provisions governing appeals in probate, and is not entitled to a review of the proceedings appointing such a representative, when sued on the asserted obligation." (Syllabus 4.)

We are in accord with the holding of the circuit judge that none of the appellants was "aggrieved" within the meaning of the applicable Michigan statute, above cited, by the order of the probate court of Gogebic county appointing Mr. Burns as administrator of the estate for the reasons and purposes set forth by appellee in his petition for such appointment. Counsel have suggested that under the ruling of the circuit court there was no one in the instant case who could have appealed. Whether such statement is correct or otherwise does not require consideration. In any event, inability of others to appeal furnishes no support for a claim on the part of the appellants that they should be accorded such right. It may be noted that an analogous situation existed in *In re Estate of Trankla, supra.*

Appellee's motion to dismiss the appeal was properly granted and, in consequence, the circuit court was without jurisdiction to proceed to a determination of the controversy on the merits. *City of Bridgeport* v. *Steiber, supra.* In consequence appellants' motion for judgment was properly denied. The orders of the circuit court are affirmed, with costs to appellee.

DETHMERS, C. J., and KELLY and SMITH, JJ., concurred with CARR, J.

BLACK, J., did not sit.