## Thomas Maloney *v.* Ida R. Taplin

KING, C. J., ALCORN, COTTER, THIM and RYAN, Js.

Argued October 13—decided November 23, 1966

*Jason E. Pearl,* with whom was *Israel Nair,* for the appellant (plaintiff).

*Edward R. Doyle,* for the appellee (defendant).

COTTER, J. The plaintiff appealed to the Superior Court from a decree of the Probate Court for the district of Berlin finding that it had jurisdiction of the application of Ida R. Taplin for the appointment of a conservator of the property of Elizabeth I. Maloney. In his motion for appeal, the plaintiff alleged that he is an heir-at-law of Elizabeth I. Maloney and that he was aggrieved in that he is "the nephew and former ward of [the] alleged incompetent" and is "the person presently having responsibility for her care and maintenance." The defendant, by a motion to erase, claimed that the plaintiff was not, as a matter of law, an aggrieved person within the meaning of General Statutes § 45-288 so as to be entitled to appeal and moved that the appeal be erased from the docket for want of jurisdiction. The appeal to this court is taken from a judgment erasing the action in the Superior Court. See *Bridgeport* v. *Steiber,* 143 Conn. 720, 721, 722, 126 A.2d 823.

The refusal of the trial court to comply with the request of the plaintiff for a finding was correct since the motion was decided on the record and no evidence was taken. Practice Book § 609. "A failure to make a finding is not assignable as error; the proper procedure where a court refuses to make one is a motion to this court for an order that it do so." *Winchester Repeating Arms Co.* v. *Radcliffe,* 134 Conn. 164, 169, 56 A.2d 1; Maltbie, Conn. App. Proc., pp. 155, 156. The content of the reasons of appeal in this case adds nothing to the issue of aggrievement before the court. An appeal from probate is taken and allowed in the Probate Court. It is part of the proceedings of that court. Its legal insufficiency cannot be cured in the Superior Court by amendment or by offering testimony to

overcome a defect apparent on its face. *Heiser* v. *Morgan Guaranty Trust Co.,* 150 Conn. 563, 566, 192 A.2d 44. The written appeal limits the scope of the appeal, and the reasons of appeal cannot enlarge the issues beyond those specified matters appearing in the appeal. *Coit's Appeal,* 68 Conn. 184, 186, 35 A. 1124; 1 Locke & Kohn, Conn. Probate Practice § 214. A fatal omission in the matter of appeal can "not be remedied by any statement in the reasons of appeal." *Norton's Appeal,* 46 Conn. 527, 528. See *Berkeley* v. *Berkeley,* 152 Conn. 398, 401, 207 A.2d 579, for the history and effect of reasons of appeal required by Practice Book § 151.

The facts may be briefly summarized as follows. The defendant, claiming to be a niece of Elizabeth I. Maloney, who is allegedly a nonresident with property in this state and an incompetent, filed an application with the Probate Court, under General Statutes § 45-76, asking for the appointment of a conservator of her aunt's property in this state. On April 22, 1965, the Probate Court, after a hearing, issued an order by which it assumed jurisdiction of the defendant's application. Cf. *Lillico* v. *Perakos,* 152 Conn. 526, 528, 209 A.2d 92. No further action, so far as appears from the record, has been taken by the Probate Court.

Decrees and orders of the Probate Court may be appealed to the Superior Court by any person who is aggrieved by the particular decree or order from which the appeal is taken. General Statutes § 45-288. The basis for the appellant's claim of aggrievement should be clearly stated in his motion for appeal. *Ciglar* v. *Finkelstone,* 142 Conn. 432, 434, 114 A.2d 925; *Feigner* v. *Gopstein,* 139 Conn. 738, 740, 97 A.2d 267; *Dickerson's Appeal,* 55 Conn. 223, 229, 10 A. 194; 1 Locke & Kohn, Conn. Probate Practice,

p. 404; see General Statutes § 45-293. The matter of aggrievement goes to the jurisdiction of the Superior Court, and, if sufficient grounds to establish a claim of aggrievement are not alleged, a motion to erase the appeal will be granted. *O'Leary* v. *McGuinness,* 140 Conn. 80, 83, 98 A.2d 660; *Exchange Buffet Corporation* v. *Rogers,* 139 Conn. 374, 376, 378, 94 A.2d 22; *Spencer's Appeal,* 122 Conn. 327, 331, 188 A. 881; *Palmer* v. *Reeves,* 120 Conn. 405, 409, 182 A. 138; cf. *Pavlick* v. *Meriden Trust & Safe Deposit Co.,* 139 Conn. 733, 737, 97 A.2d 265. The qualifying interest may be a direct pecuniary one, or it may consist of an injurious effect upon some legally protected right or status of the appellant, such as the effect which a decree of adoption has on the natural parent of the adopted child. *Spencer's Appeal,* supra, 332, 333; *Bridgeport* v. *Steiber,* 143 Conn. 720, 722, 126 A.2d 823; see 1 Locke & Kohn, op. cit. § 188. The mere statement that the appellant is aggrieved, without supporting allegations as to the particular nature of the aggrievement, is insufficient. *Sacksell* v. *Barrett,* 132 Conn. 139, 147, 43 A.2d 79.

Assuming, as have the parties, that there was sufficient substance in the order of the Probate Court to justify the possibility of an appeal under General Statutes § 45-288, the remaining and determinative question is whether the plaintiff alleged sufficient facts to support an ultimate finding of aggrievement in this case. The plaintiff's allegation is that he is a nephew, former ward and prospective heir of the person for whom the conservatorship application has been made. The mere possibility of future inheritance cannot support an appeal by one who is not otherwise directly aggrieved. *Dunn's Appeal,* 81 Conn. 127, 131, 132; see 1 Locke & Kohn,

op. cit., pp. 389–90. The allowance of such appeals, which would invite actions based on speculation rather than on actual fact, would be directly contrary to the principle that an appellant must have a real interest in the matter in controversy. *Pettee* v. *Hartford-Connecticut Trust Co.,* 105 Conn. 595, 605, 136 A. 111; see *Norton's Appeal,* 46 Conn. 527, 528. The plaintiff's only other allegation of aggrievement is that he presently has responsibility for the care and maintenance of the alleged incompetent. One who has the legal duty to protect the interests of another has standing to appeal an order which adversely affects those interests. *O'Leary* v. *McGuinness,* 140 Conn. 80, 85, 98 A.2d 660; *Avery's Appeal,* 117 Conn. 201, 202, 167 A. 544. No such allegation has been made by the plaintiff in this case. The random assertion that he has "responsibility" for the incompetent's care is not equivalent to a claim that he is her legal representative. Since the plaintiff failed to allege any manner in which his rights were adversely affected by the order of the Probate Court, the motion to erase the appeal was properly granted. See *Exchange Buffet Corporation* v. *Rogers,* 139 Conn. 374, 377, 94 A.2d 22.

The plaintiff claims that the court erred in consulting a copy of the transcript of the hearing before the Probate Court. The transcript was not part of the record in the Superior Court and should not have been considered. However, the plaintiff has failed to show how he has in any way been harmed by the court's action. Since no prejudice to the plaintiff's case appears, the claimed error is not a sufficient ground for reversal. *African Methodist Episcopal Church* v. *Jenkins,* 139 Conn. 418, 423, 94 A.2d 618; *Linahan* v. *Linahan,* 131 Conn. 307, 328, 39 A.2d 895. The remaining assignments of

error have not been pursued in the plaintiff's brief and are therefore deemed abandoned. *Labbadia v. Bailey,* 152 Conn. 187, 190, 205 A.2d 377.

There is no error.

In this opinion the other judges concurred.