[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The plaintiff appeals the decision of the defendant state Insurance Department (Department) concerning the cancellation by the New Hampshire Insurance Company of the plaintiff's insurance policy. The Department moves to dismiss the appeal on the basis that the plaintiff has failed to plead and prove aggrievement.
In its petition for appeal, the plaintiff alleges that the New Hampshire Insurance Company, which had insured the plaintiff's vehicles, cancelled its policy on November 8, 1991, for non-payment of premiums. The Connecticut Automobile Insurance Assigned Risk Plan (CAIARP) denied the plaintiff's appeal of the cancellation. The plaintiff then appealed CAIARP's decision to the Department. The Department held a hearing on December 6, 1991. The CT Page 9536 plaintiff's petition to this court then alleges as follows:
 7. Both prior and subsequent to said hearing, the Insurance Commissioner engaged in numerous ex parte contacts with CAIARP and New Hampshire Insurance Company.
 8. The Insurance Commissioner had prejudged the merits of the case prior to the hearing.
 9. The grounds for the instant appeal are one or more of the following:
 (a) The Insurance Department's decision constitutes a constitutional or statutory violation;
 (b) the agency acted in excess of its authority;
(c) the agency followed unlawful procedure;
 (d) the decision was affected by some other error of law;
 (e) the decision is clearly erroneous in view of the reliable, probative and substantial evidence; and
 (f) the agency action was arbitrary, capricious and an abuse of discretion.
 WHEREFORE, appellant, Transportation General d/b/a Metro Taxi, appeals from the decision of the Insurance Department and petitions this court to sustain its appeal, vacate and set aside the decision, and order a new hearing before an unbiased decisionmaker (sic).
The plaintiff's petition does not state the substance of the Department's decision or its effect on the plaintiff.
"It is well settled that the question of aggrievement is a jurisdictional one and that claims of CT Page 9537 aggrievement present an issue of fact for the determination of the trial court with the burden of proving aggrievement resting upon the plaintiffs who have alleged it. . . Pleading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of the appeal. . . The fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party . . . must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision." Bakelaar v. West Haven, 193 Conn. 59, 65 (1984). (Citations and internal quotation marks omitted)
In its brief and at oral argument on this motion, the plaintiff argues that it had a legal interest in receiving a fair hearing by the Department. It argues further that this interest was adversely affected by the Department's bias and prejudgment, which were evidenced by the insurance commissioner's ex parte communications with representatives of CAIARP and the insurance company.
The plaintiff's argument misses the essential point of the ruling in Bakelaar v. West Haven, supra. Specifically, the plaintiff's petition does not allege how, if at all, the Department's decision injuriously affected any specific, personal and legal interest of the plaintiff. The petition does not even state what that decision was, nor has the plaintiff produced any evidence of it or how it harmed the plaintiff. Indeed, on the basis of the petition and the plaintiff's brief, which are all this court has before it, it is impossible even to determine whether the Department's decision was favorable or unfavorable to the plaintiff. Unless the Department's final decision was in some way harmful to the plaintiff's interests, however, the plaintiff was not legally aggrieved by it. And this is true regardless of the manner in which the Department conducted the hearing.
Our courts have never treated the requirement that aggrievement be properly pleaded as an empty formality. CT Page 9538 "The trial court must be satisfied, first, that the plaintiff alleges facts which, if proven, would constitute aggrievement as a matter of law, and second, that the plaintiff proves the truth of those factual allegations." Beckish v. Manafort, 175 Conn. 415, 419 (1978); citing Nader v. Altermatt, 166 Conn. 43 (1974). (Emphasis added). "The mere statement that the appellant is aggrieved, without supporting allegations as to the particular nature of the aggrievement, is insufficient." Maloney v. Taplin,154 Conn. 247, 250 (1966). (Citations omitted).
Because the plaintiff has failed to allege facts which would establish that it was legally aggrieved by the Department's decision, the court lacks subject matter jurisdiction. Accordingly, the appeal must be dismissed.
It is so ordered.
Maloney, J.