[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decree from the Probate Court for the District of Farmington appointing Paul A. Hudon as conservator of the Estate and Person of Marion Bieth. The plaintiff has appealed on the grounds that she was the best friend of Marion Bieth, who held a general power of attorney over Marion Bieth. The basis for aggrievement stated in the Motion for Appeal from Probate is generally that the plaintiff was not allowed to make a separate application to be appointed as conservator and was not allowed to participate in the hearing on the application for conservatorship.
A probate appeal is a statutory action which requires that the plaintiff be aggrieved by the action of the Probate Court. Failure to follow the requirements under the statute deprives this Court of subject matter jurisdiction. Otis T. Bradley's Appeal From Probate, 19 Conn. App. 456. 468. 563 A.2d 1358. Section 45a-186 of the Connecticut General Statutes provides in pertinent part:
 Any person aggrieved by an order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the superior court CT Page 7555 for the judicial district in which such court of probate is held.
Section 45a-191 of the Connecticut General Statutes requires that aggrievement must be stated in the motion or apparent from the probate record.
Aggrievement falls within two broad categories, classical and statutory. In order to have classical aggrievement, the nature of the interest that is presented must involve a legally protected personal right or status of the appellant. Buchholz's Appeal From Probate, 9 Conn. App. 413,417, 519 A.2d 619 (1987). A nephew who claimed to be a future heir of the incompetent, his aunt, and had a responsibility for her care end maintenance was held not to have sufficient interest to appeal from an order of the Probate Court which assumed jurisdiction for the appointment of a conservator. Maloney v. Toplin, 154 Conn. 247,250, 224 A.2d 731 (1966). It does not appear that the plaintiff's friendship with the incompetent constitutes a legally protected personal right or status necessary to establish classical aggrievement.
Section 45g-562(b) of the Connecticut General Statutes provides for the termination of a power of attorney upon the appointment of a conservator. Therefore, the nullification of the plaintiff's power of attorney does not create aggrievement.
Moreover, there is no authority stating that a power of attorney is a legally protected right or status held by the plaintiff.
In Avery's Appeal, 117 Conn. 201, (1933), the Court held that the administrator of an estate who had been removed upon admission of the will had no standing to appeal his removal. The Court in Avery's Appeal stated: "persons as to whom a right of appeal is recognized are those who are acting in a fiduciary or representative capacity under a subsisting appointment which has not been terminated, by revocation or otherwise, and who therefore are under a present duty to protect the estate from diversion." 117 Conn. at 204-205.
The plaintiff argues that Connecticut General Statutes45a-243(a) applies to this case to provide the plaintiff CT Page 7556 with standing to bring this appeal.
Connecticut General Statutes 45a-243(a) provides:
 When any fiduciary has been removed for cause by a court of probate, as provided in section 45a-242, the fiduciary may appeal from such order of removal in the manner provided in sections 45a-186 to 45a-193, inclusive. In the event of an appeal from the order of removal taken by the fiduciary who has been removed, the appointment of a successor shall not be stayed by the appeal but shall be a temporary appointment. Such successor fiduciary shall act during the pendency of the appeal and until the appeal is withdrawn or final judgment entered thereon. [emphasis added].
Connecticut General Statutes 45a-242 reads in pertinent part:
 (a) Removal of fiduciary for cause. If any fiduciary becomes incapable of executing his trust, neglects to perform the duties of his trust, wastes the estate in his charge, or fails to furnish any additional or substitute probate bond ordered by the court, the court of probate having jurisdiction may, upon its own motion, or upon the application and complaint of any person interested or of the surety upon the fiduciary's probate bond, after notice and a hearing, remove such fiduciary.
In this case, the plaintiff's power of attorney ceased pursuant to Connecticut General Statutes 45a-562 because of the appointment of a conservator of the estate. This was not a removal for cause and does not fall within the purview of45a-242 and 45a-243. Therefore, 45a-243 does not provide the plaintiff with standing to bring this appeal.
The plaintiff's Motion for Appeal does not establish that she was aggrieved by the action of the Probate Court. Therefore, the Court lacks subject matter jurisdiction and the Motion to Dismiss is granted.
BY THE COURT CT Page 7557
Aurigemma, J.