[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
This is an appeal from a decree of the Probate Court for the District of Milford pursuant to General Statutes §§ 45a-186
and 187 determining the domicile of the decedent, Edward B. Krause.
In this appeal, the plaintiff, Commissioner of Revenue Services, alleges aggrievement by virtue of his interest in the assessment of a succession tax against the defendant.
The plaintiff filed a motion for appeal by which he initiated the appeal process. It contained a typographical error alleging the date of the probate decree as May 15, 1994 when, in actuality, the date was March 15, 1994. The probate court, in its decree allowing the appeal, refers to the correct date of March 15, 1994.
The defendant has filed this motion to dismiss alleging that the May 15th date contained in the plaintiff's motion to the Probate Court (i.e. that the appeal was from a non-existent decree), is fatally defective to this appeal, thus depriving this court of jurisdiction.
The defendant further claims that the plaintiff has failed to allege sufficient facts to constitute aggrievement. SeeMaloney v. Taplin, 154 Conn. 247, 248 (1966).
LAW AND CONCLUSION
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687 (1985). A motion to dismiss "admits all facts, which are well pleaded, invokes the existing record and must be decided on that alone." Barde v. Board of Trustees, 207 Conn. 59, 62 (1988). The court will view the pleadings most favorable to the nonmoving party. American Laundry Machinery, Inc. v. State, 190 Conn. 212,217 (1983).
"Lack of jurisdiction, once raised, must be disposed of."Upson v. State, 190 Conn. 622, 625 (1983). "Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented-by the action before it."Craig v. Bronson, 202 Conn. 91, 101 (1987). "[W]herever it is found . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Practice Book CT Page 8380 § 145.
The defendant's claim that the appeal is defective because the motion incorrectly cites the date of the decree elevates form over substance. State v. Rosedom, 34 Conn. App. 141
(94), Wilton v. McGovern, 33 Conn. App. 517 (94). A clerical error has been specifically held not to deprive a court of subject matter jurisdiction. In re Felicia D.,35 Conn. App. 490, 495 (94), In re Michael M., 29 Conn. 112,119-20 (92). The plaintiff appealed pursuant to the Probate Court's granting of his motion which contained the correct date of the decree. Defendant cites no authority that such a typographical error deprives this court of jurisdiction.
As to the defendant's claim that aggrievement is insufficiently alleged, this court cannot agree. Clearly, the plaintiff articulates his interest in the defendant's estate by virtue of his duty to assess the Connecticut Succession Tax as Commissioner of Revenue Services. These allegations are sufficient to establish aggrievement if true. Maloney v.Taplin, supra.
The Motion to Dismiss is denied.
Freed, J.