# Order

Michigan Supreme Court
Lansing, Michigan

July 7, 2006

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

127440-1

LISA SMITH, as Next Friend of EMILY SMITH,
a minor, KAREN SMALL, as Next Friend of
JESSICA SMALL, a minor, MELISSA WILSON,
As Next Friend of KAYLA WILSON, a minor,
PEGGY HALL, as Next Friend of TERESA HALL,
a minor, DIANN WILLIAMS, as Next Friend of
BRIANNA WILLIAMS, a minor, LARRY SMITH,
as Next Friend of HEIDIE STECK, a minor,
MICHELLE COLE, as Next Friend of JESSICA COLE,
a minor, and CHRISTIAL SIERRA, as Next Friend of
LATISHA SIERRA and ANGELINA SIERRA, minors,
      Plaintiffs-Appellees,

v

    SC: 127440
    COA: 255488
    Shiawassee CC: 02-007944-NI

CAPTAIN RANDALL VANLANDINGHAM,
and CAPTAIN KAREN VANLANDINGHAM,
      Defendants-Appellees,
and

THE SALVATION ARMY,
      Defendant-Appellant.
_____

HOLLY RAMOS, as Next Friend of TAYLOR
RAMOS, a minor,
      Plaintiff-Appellee,
v

    SC: 127441
    COA: 258006
    Shiawassee CC: 03-009235-NO

CAPTAIN RANDALL VANLANDINGHAM,
and CAPTAIN KAREN VANLANDINGHAM,
      Defendants-Appellees,
and

THE SALVATION ARMY,
      Defendant-Appellant.
_____/

On order of the Court, the applications for leave to appeal the October 7 and
October 11, 2004 orders of the Court of Appeals are considered and, pursuant to MCR

7.302(G)(1), in lieu of granting leave to appeal, we direct the Clerk to schedule oral argument for 9:30 a.m. on September 7, 2006, on whether to grant the applications or take other peremptory action. The parties shall submit supplemental briefs no later than August 7, 2006, addressing whether plaintiffs were required, in order to proceed on their claim that defendant Karen VanLandingham was acting within the scope of her employment when she failed to notify the authorities of the sexual abuse committed by her husband, to either (1) produce documentary evidence that the Salvation Army had a policy discouraging employees from notifying the police about allegations of sexual abuse, see MCR 2.116(G)(4), or (2) file an affidavit showing that the facts necessary to support their claim could not be presented because they were only known to persons whose affidavits plaintiffs could not procure, see MCR 2.116(H).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 7, 2006

Corbin R. Davis
_____
Clerk

s0705