# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 7, 2006

127212

SHERRY COMBEN, ANTRIM COUNTY
TREASURER,
        Plaintiff-Appellee,

v

STATE OF MICHIGAN, and
DEPARTMENT OF TREASURY,
        Defendants-Appellants,

and

BLACK STONE MINERALS CO., L.P.,
DOMINION RESERVES, INC., WOLVERINE
GAS AND OIL COMPANY, INC., EUGENIE R.
ANDERSON, STEPHEN WARD DEVINE,
ELIZABETH PALMER DEVINE,
MICHAEL EDMUND DEVINE, SUZANNE
LEE DEVINE, WILLIAM W. DUNN,
DAVID W. FAY, EDWIN R. FAY,
PETER W. FAY, ROBERT A. FAY,
ROSAMOND S. FISHER, FREDERICK T.
GOLDING, NANCY HAMILTON, LISA
MARRIOTT JONES, DAPHNE FAY
LANDRY, GEORGE S. LEISURE, JR.,
PETER R. LEISURE, FLORA NINELLES,
MARJORIE S. RICHARDSON, JAMES W.
RILEY, JR., WILLIAM A. RILEY,
BARBARA F. ROSENBERG, ELIZABETH
R. P. SHAW, ANN WARD SPAETH,
FREDERICK S. STRONG, III, A. W.
ROBERT, STRONG REVOCABLE TRUST,
and EUGENIE S. KAUFFMAN,
        Defendants-Appellees.

_____/

SC: 127212
COA: 248963
Antrim CC: 02-007860-PS

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

On order of the Court, leave to appeal having been granted, 474 Mich 893 (2005), and the briefs and oral argument of the parties having been considered by the Court, we hereby VACATE the August 31, 2004 judgment of the Court of Appeals. MCR 7.302(G)(1). The court lacked jurisdiction where the appellants were not aggrieved by the trial court's decision, which fully protected appellants' ownership interests in the subject properties at issue. MCR 7.203(A).

TAYLOR, C.J., concurs and states as follows:

I concur in the majority order but write separately to emphasize that it is in accord with the majority opinion in *Federated Ins Co v Oakland Co Rd Comm* (Docket No. 126886), ___ Mich ___ (2006). Justice Weaver's dissent is premised on her disagreement with *Federated.* Her view, however, is not controlling. Rather, the majority's opinion in *Federated* speaks for itself.

WEAVER, J., dissents as follows:

I dissent from the peremptory order because in this complicated case I cannot join the majority's conclusion that the State of Michigan is not an "aggrieved party" under MCR 7.203(A). Contrary to the order's assertion, it is not clear that the trial court decision fully protected appellant State of Michigan's ownership interests in the subject properties.

The same majority has also redefined who is an "aggrieved party" under MCR 7.203(A), and has made it more difficult to invoke the jurisdiction of the Court of Appeals. In *Federated Ins Co v Oakland Co Rd Comm* (Docket No. 126886)*,* ___ Mich ___ (2006), the majority (without the benefit of briefing or argument and without the issue having been raised by the parties) redefined "aggrieved party" to require a "concrete and particularized injury." This new law imposes a higher threshold than this Court's previous articulations of "aggrieved party," which simply required that a party have some interest, "pecuniary or otherwise," in the subject matter of a case. See *In re Critchell Estate,* 361 Mich 432, 450 (1960). The majority's new "aggrieved party" test heightens the burden of all parties who pursue an appeal in the Court of Appeals.

CAVANAGH and KELLY, JJ., join the statement of WEAVER, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 7, 2006

_Corbin R. Davis_
Clerk